J-S64042-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| JAMES M. OVERLY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| JON FISHER | |
| Appellee | No. 995 WDA 2014 |

Appeal from the Order Entered May 30, 2014
In the Court of Common Pleas of Westmoreland County
Civil Division at No(s): No. 459 M 2014

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED OCTOBER 31, 2014**

Appellant, James M. Overly, appeals *pro se* from the order entered in the Westmoreland County Court of Common Pleas, which denied his "Petition for Writ of *Habeas Corpus Ad Subjiciendum*" against Appellee, Jon Fisher, the superintendent at SCI Smithfield.  We affirm.

The relevant facts and procedural history of this case are as follows. In 1984, a jury convicted Appellant of first-degree murder, and the trial court sentenced Appellant to life imprisonment on February 14, 1986.  This Court affirmed Appellant's judgment of sentence on December 4, 1986, and our Supreme Court denied allowance of appeal on July 31, 1987.  **See Commonwealth v. Overly**, 520 A.2d 1216 (Pa.Super. 1986), *appeal denied*, 515 Pa. 613, 530 A.2d 867 (1987).  Later, the trial court granted Appellant leave to file a petition under the Post-Conviction Hearing Act

(predecessor to the Post Conviction Relief Act) to reinstate his appeal rights *nunc pro tunc* to raise issues which should have been raised on direct appeal. This Court again affirmed the judgment of sentence on January 8, 1990, and our Supreme Court denied allowance of appeal on June 12, 1990. *See Commonwealth v. Overly*, 573 A.2d 622 (Pa.Super. 1990), *appeal denied*, 525 Pa. 617, 577 A.2d 889 (1990).

On May 28, 2014, Appellant filed a petition for *habeas corpus* in civil court, in which he alleged Appellee is unlawfully restraining Appellant in prison.[1] The civil court denied Appellant's petition on June 2, 2014. Appellant timely filed a *pro se* notice of appeal on June 16, 2014. On July 2, 2014, the civil court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on July 14, 2014.

Appellant raises the following issues for our review:

> DID THE TRIAL COURT HAVE SUBJECT MATTER JURISDICTION OVER THE COMPLAINT AGAINST [APPELLANT]?
>
> DOES LIFE IMPRISONMENT IN THE COMMONWEALTH OF PENNSYLVANIA FOR FIRST DEGREE MURDER CONVICTION MEAN LIFE WITHOUT PAROLE OR NATURAL LIFE?
>
> IS THE SENTENCE OF LIFE IMPRISONMENT LAWFUL OR MORE SPECIFICALLY IS THERE STATUTORY AUTHORI[Z]ATION FOR THE IMPOSED SENTENCE?

_____

[1] The only certified record we have is from the civil court filing.

HAS THE PRIVILEGE OF THE WRIT OF *HABEAS CORPUS* BEEN SUSPENDED AND DID THE [CIVIL] COURT VIOLATE [APPELLANT'S] RIGHT TO PETITION[?]

(Appellant's Brief at 3).

Section 9542 of the Post-Conviction Relief Act ("PCRA") provides in relevant part:

**§ 9542.  Scope of subchapter**

This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. **The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*.** This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction. Except as specifically provided otherwise, all provisions of this subchapter shall apply to capital and noncapital cases.

42 Pa.C.S.A. § 9542 (emphasis added).  Thus, as a general rule, any petition for post-conviction collateral relief will be considered as a PCRA petition, even those captioned as requests for *habeas corpus* relief, if the petition raises issues for which the relief sought is the kind of remedy available under the PCRA.  ***See generally Commonwealth v. Fahy***, 558 Pa. 313, 737 A.2d 214 (1999); ***Commonwealth v. Lantzy***, 558 Pa. 214, 736 A.2d 564 (1999); ***Commonwealth v. Peterkin***, 554 Pa. 547, 722 A.2d 638 (1998).  The writ of *habeas corpus* continues to exist as a separate remedy

only if the claim raised is not cognizable under the PCRA. *Id.* at 552, 722 A.2d at 640.

Instantly, Appellant filed a petition for *habeas corpus* relief in civil court, but a review of Appellant's issues indicates he is trying to obtain criminal collateral relief. Moreover, Appellant fails to identify any claims that might arguably fall outside of the PCRA. Therefore, despite Appellant's efforts to characterize the present petition as a civil *habeas corpus* petition, we conclude his requests for relief fall within the ambit of the PCRA. *See Fahy, supra*; *Lantzy, supra*; *Peterkin, supra*. Thus, the civil court properly recognized that Appellant's recent prayer for collateral relief should be filed in criminal court. *See id.* If Appellant pursues relief on the grounds stated, he must file a proper PCRA petition in criminal court. Accordingly, the civil court properly denied Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2014

- 4 -