J-S16005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD PRINTUP | |
| Appellant | No. 1345 MDA 2014 |

Appeal from the Order Entered July 7, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001191-1980

BEFORE: PANELLA, J., OLSON, J., and OTT, J.

MEMORANDUM BY PANELLA, J.                          **FILED MAY 07, 2015**

Appellant Edward Printup appeals *pro se* from the July 7, 2014 order of the Dauphin County Court of Common Pleas denying his petition for writ of habeas corpus on the basis that the claim is untimely pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

Printup was convicted on December 15, 1980, of first-degree murder in connection with the death of his step-father. He was sentenced to a term of life imprisonment. The lengthy procedural history of the instant case has been accurately set forth by the trial court in its opinion dated September 17, 2014, and we see no need to restate it. In his brief to this Court, Printup presents the following issue for our review:

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

Did the Common Pleas Court abuse its discretion by denying the Appellant, here, the relief as sought when the Appellant presented a claim for relief in a habeas corpus writ petition asserting a freestanding claim of actual innocence?

Appellant's Brief at 4.

Printup argues that because his "freestanding claim of actual innocence" is not cognizable under the PCRA, it was proper to raise it in a petition for habeas corpus. In support, he avers that "[i]f not for the fabricated, bias testimony by one of [Harry Koons], Appellant could not have been convicted." Appellant's Brief at 13.

It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. *See* 42 Pa.C.S.A. § 9542; *Commonwealth v. Haun,* 32 A.3d 697 (Pa. 2011). Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of habeas corpus. *See Commonwealth v. Fahy*, 737 A.2d 214, 223–224 (Pa. 1999). Issues that are cognizable under the PCRA must be raised in a timely PCRA petition, and cannot be raised in a habeas corpus petition. *See Commonwealth v. Peterkin*, 722 A.2d 638 (Pa. 1998); *Commonwealth v. Taylor,* 65 A.3d 462, 466 (Pa. Super. 2013) (a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition). "Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of habeas corpus." *Id*. Only post-conviction claims that fall outside the sphere of the PCRA can be raised in a habeas corpus petition. *See Commonwealth v. Judge*, 916 A.2d 511 (Pa. 2007).

Our review of the certified record compiled over the past 35 years indicates that Printup's habeas corpus petition is based on the same claim that was denied in his last PCRA petition.[2] His naming the petition as a habeas corpus petition based on an alleged "freestanding claim of actual innocence" does not take the claim out of the sphere of the PCRA. **See**, **e.g.**, **Coady v. Vaughn**, 770 A.2d 287, 293 (Pa. 2001) (Castille, J., concurring) ("The specifically enumerated, substantive claims deemed reviewable under the PCRA all have to do with matters affecting the conviction and sentence."). As the PCRA court observed:

> Judgment in [Appellant's] case became final over 30 years ago. Therefore, [Appellant's] most recent Petition … is untimely. [Appellant] argues that newly discovered evidence not previously known regarding Harry Koons entitles him to overcome the timeliness requirements of the PCRA. *Petitioner also made this argument in his fourth PCRA petition* and this [c]ourt noted that "a simple review of the docket at that time would have revealed the charges pending against Harry Koons[.] … Clearly, [Appellant] has not demonstrated that, even in the exercise of due diligence, Koons' pending charges could not have been discovered prior to trial." This [c]ourt finds that [Appellant] has failed to provide any evidence to support his claims. Therefore, [Appellant's] petition is untimely and [he] is not entitled to relief.

PCRA Court Opinion, dated 7/7/14, at 5 (emphasis added).

---

[2] Appellant's challenge to Koons's testimony has been characterized in a variety of ways over the years. His characterizing it now as "the bomb that the prosecutor utilized to win the conviction against Appellant at the trial" challenges the weight given the testimony, an issue decided long ago. Moreover, contrary to Appellant's description, Koons's testimony corroborated other evidence, including a letter Appellant had written to his mother in which he admitted that he had killed his step-father.

We agree with the PCRA court. Appellant's claim, which could have been raised in a PCRA petition, is untimely. Accordingly, we have no jurisdiction to provide further review.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/7/2015