J. S16043/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SHALAMAR CARMON, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| BRIAN COLEMAN, SCI – FAYETTE | : | |
| SUPERINTENDENT, ET. AL., | : | |
| | : | |
| Appellee | : | No. 2195 EDA 2015 |

Appeal from the Order Entered June 17, 2015
In the Court of Common Pleas of Lehigh County
Civil Division at No(s): 2015-C-1782

BEFORE: OTT, J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 03, 2016**

Shalamar Carmon appeals *pro se* from the Order dismissing his Writ of *Habeas Corpus*. We conclude Appellant's *habeas* petition is actually an untimely fourth petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-46. Therefore, we affirm.

On September 24, 2008, Appellant was sentenced to a term of life imprisonment after his conviction by a jury of first-degree murder in connection with the 2004 death of Jason Fritchman. This Court affirmed the

judgment of sentence on January 4, 2008, and our Supreme Court denied allowance of appeal on June 26, 2008.[1]

Appellant filed his first PCRA petition on June 12, 2009, alleging ineffective assistance of counsel. The PCRA court denied relief, this Court affirmed, and our Supreme Court denied allocatur.

On February 14, 2012, Appellant filed a *pro se* Writ of *Habeas Corpus* in the Lehigh County Civil Division, which the trial court denied. This Court affirmed, concluding that Appellant was seeking relief that could only be granted under the PCRA.

On December 22, 2014, Appellant filed a "Praecipe for Writ of *Habeas Corpus,*" simultaneously with a petition to Proceed *In Forma Pauperis*. The trial court ultimately denied relief with prejudice, concluding the litigation was frivolous litigation and had been improperly filed in the civil division of the Lehigh County Court of Common Pleas. Appellant appealed, but discontinued the appeal.

On June 5, 2015, Appellant filed the instant *pro se* Petition for Writ of *Habeas Corpus* in the civil division of the Lehigh County Court of Common Pleas, alleging that he is confined unlawfully pursuant to an invalid sentencing order. Appellant averred that the sentencing order is illegal because it cites 18 Pa.C.S. § 2501 (defining criminal homicide), but not

---

[1] ***See Commonwealth v. Carmon***, 947 A.2d 822 (Pa. Super. filed Jan. 4, 2008) (unpublished memorandum), *appeal denied*, 951 A.2d 1160 (Pa. 2008).

Pa.C.S. § 1102(a) (providing a minimum sentence of life imprisonment for a conviction of first-degree murder). Appellant claimed that, pursuant to the holding in ***Joseph v. Glunt***, 96 A.3d 365 (Pa. Super. 2014), his submission should be treated as a petition for Writ of *Habeas Corpus* and not a petition under the PCRA.

On June 17, 2015, the trial court dismissed the petition and this appeal followed.

Appellant raises one issue for our review:

> Whether the [t]rial [c]ourt abused its discretion by dismissing Appellant's petition for a writ of *habeas corpus ad subjiciendum* where Appellant's claim, in a test of the legality of his commitment and detention, has asserted and demonstrated that he is being detained unlawfully in violation of due process of law under the Pa. Const. Art. 1 § 9 and the 14th Amendment of the U.S. Const. due to Appellee's inability to produce a lawful court order related to a judgment of sentence that lawfully justify [sic] the civil commitment of Appellant into Appellee's custody to be confined as required by 30 Pa.Code. § 91.3, where the undisputed record of the judgment of sentence constitutes authority insufficient for appellant to have ever been committed to the [Department of Corrections] and confined by Appellee, which requires his immediate release?

Appellant's Brief at 3.

It is well established that the PCRA subsumes the writ of *habeas corpus* in circumstances where the PCRA provides a remedy for the claim. ***See Commonwealth v. Peterkin***, 722 A.2d 638, 640 (Pa. 1988); 42 Pa.C.S. § 9542 ("The action established in this subchapter shall be the sole means of obtaining collateral relief and encompass all other common law

and statutory remedies for the same purposes that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*."); 42 Pa.C.S. § 6503(b) ("[T]he writ of habeas corpus shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law.").

All motions and petitions filed after a judgment of sentence becomes final must generally be treated as PCRA petitions. ***Commonwealth v. Hackett***, 956 A.2d 978, 986 (Pa. 2008) (noting that PCRA eligibility requirements enumerated in 42 Pa.C.S. § 9543(a) must be broadly construed to avoid creating a "bifurcated system of post-conviction review where some post-conviction claims are cognizable under the PCRA while others are not"). Because Appellant challenges the legality of his sentence and seeks release from custody, both addressed in the PCRA, Appellant's petition is, in actuality, a PCRA petition.

Appellant relies on ***Joseph v. Glunt***, 96 A.3d 365 (Pa.Super. 2014), where this Court concluded that the PCRA did not subsume an illegal-sentence claim based on the inability of the Department of Corrections ("DOC") to produce a written sentencing order. ***Id.*** at 368-69. Here, Appellant has not asserted that the DOC was unable to produce his sentencing order. In fact, Appellant annexed his sentencing order to his petition. ***Joseph*** is, accordingly, inapplicable.

Before we may address the merits of Appellant's argument, we must first consider the timeliness of his petition because it implicates the jurisdiction of this Court and the trial court. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014). Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania and the Supreme Court of the United States, or at the expiration of time for seeking review. 42 Pa.C.S. § 9545(b)(3). A court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa.Super. 2013).

Appellant's judgment of sentence became final on September 24, 2008, when the time expired to file a petition for *writ of certiorari* with the Supreme Court of the United States. *See* Sup. Ct. R. 13(1). Appellant filed the current *habeas* petition in 2015, making it patently untimely. Although the PCRA contains three narrow exceptions to the one-year time-bar, Appellant did not plead any of those exceptions.

Accordingly, both the trial court and this Court lack jurisdiction to entertain Appellant's *habeas* petition under the PCRA.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/3/2016