722 A.2d 638

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Otis PETERKIN, Appellant.**

Supreme Court of Pennsylvania.

Submitted Aug. 11, 1998.

Decided Dec. 21, 1998.

Reargument Denied Feb. 17, 1999.

---

548

Robert Brett Dunham, Stephen A. Whinston, Kenneth L. Fox, Philadelphia, for O. Peterkin.

Catherine Marshall, Philadelphia, Robert A. Graci, Harrisburg, for Commonwealth.

Before FLAHERTY, Chief Judge, and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION OF THE COURT

FLAHERTY, Chief Justice.

This is an appeal from the denial of appellant's second PCRA petition. On September 24, 1982, in the Court of Common Pleas, Philadelphia County, appellant was convicted

of two counts of murder of the first degree. He was sentenced to death for murdering two men during the course of a robbery. Appellant appealed his conviction and this court affirmed the conviction on July 25, 1986, 511 Pa. 299, 513 A.2d 373 (1986). On February 24, 1987, the United States Supreme Court denied *certiorari.* 479 U.S. 1070, 107 S.Ct. 962, 93 L.Ed.2d 1010 (1987).

Appellant filed his first PCRA petition on September 7, 1989, raising 44 issues. The PCRA court granted defense counsel's request to withdraw from the case on the grounds that all of the issues had been either finally litigated or were without merit. Appellant appealed to the Superior Court, which transferred the case to this court. We remanded the case to the PCRA court for a determination of whether appellant was eligible for appointment of appellate counsel. After hearing, the PCRA court appointed new counsel, appellant's fifth lawyer. On October 12, 1994, this court affirmed the order denying appellant PCRA relief. *Commonwealth v. Peterkin,* 538 Pa. 455, 649 A.2d 121 (1994).

A sixth counsel was appointed to file a petition for a writ of *certiorari.* The petition was denied on June 12, 1995. On December 5, 1996, appellant then filed a petition for a writ of habeas corpus in federal court. The federal court appointed two new attorneys to represent appellant in that action.

 While the federal petition was pending, on January 13, 1997, appellant filed a second PCRA petition which was also captioned as a request for habeas corpus relief. The PCRA court dismissed the petition on January 23, 1997, before the Commonwealth had filed its answer, on the grounds that the petition was premature due to ongoing litigation in federal court.[1]

Now, sixteen years after his conviction, appellant's ninth and tenth attorneys raise twenty-two issues and additional sub-issues in an appeal from the PCRA court's order dis-

1. Because the PCRA at 42 Pa.C.S. § 9542 subsumes the remedy of habeas corpus, the lower court was correct in treating the petition as a request for relief under the PCRA. Accord, *Commonwealth v. Ahlborn,* 548 Pa. 544, 699 A.2d 718, 721 (Pa.1997).

missing the second PCRA petition. The petition which was dismissed requests a remand to the PCRA court so that appellant's claims may be decided on the merits. The Commonwealth asserts that the PCRA court had no jurisdiction to hear the petition because it was not timely filed. Peterkin, on the other hand, relying on the dual status of his petition as sounding both in habeas corpus and also in the PCRA, asserts that his request for habeas corpus relief is constitutionally guaranteed and cannot be suspended by the PCRA; that the legislature lacks the constitutional power to limit the availability of habeas corpus; and that by leaving the habeas corpus statute in place, the legislature acknowledged that habeas corpus cannot be abrogated by the PCRA.

Article I, Section 14 of the Pennsylvania Constitution provides, in pertinent part, "the privilege of the writ of habeas corpus shall not be suspended, unless when in case of rebellion or invasion the public safety may require it."

The alleged suspension or limitation of habeas corpus is found in the PCRA as follows:

This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis.

42 Pa.C.S. § 9542. Section 9545 of the PCRA then provides:

§ 9545. Jurisdiction and proceedings ...

(b) Time for filing petition.

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final....

42 Pa.C.S. § 9545.[2] These provisions of the PCRA notwithstanding, there remains a statutory provision for habeas corpus as follows:

---

**2.** There are exceptions to the one-year requirement which will be discussed infra.

**§ 6503. Right to apply for writ**

(a) General rule. Except as provided in subsection (b), an application for habeas corpus to inquire into the cause of detention may be brought by or on behalf of any person restrained of his liberty within this Commonwealth under any pretense whatsoever.

(b) Exception. Where a person is restrained by virtue of sentence after conviction for a criminal offense, the writ of habeas corpus shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law. 42 Pa.C.S. § 6503. Act of July 9, 1976, P.L. 586, No. 142, effective June 27, 1978.

■■■ The essence of these three sections, read together, is that the PCRA subsumes the remedy of habeas corpus with respect to remedies offered under the PCRA and that any petition seeking relief under the PCRA must be filed within one year of final judgment. Turning to Peterkin's claim that because of the continued presence of the habeas statute after the PCRA was enacted, an action for habeas corpus relief is not limited by the PCRA, we agree that the legislature intended that the writ would continue to exist as a separate remedy. However, as the statute itself provides, the writ continues to exist only in cases in which there is no remedy under the PCRA. To test whether Peterkin had a remedy under the PCRA, we must consider the PCRA itself as applied to Peterkin's case. The PCRA provides, in pertinent part:

**§ Eligibility for relief**

(a) General rule. To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) currently serving a sentence of imprisonment, probation or parole for the crime;

(ii) awaiting execution of a sentence of death for the crime....

(2) That the conviction or sentence resulted from one or more of the following:

(i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

42 Pa.C.S. § 9543(a). Because Peterkin alleges violations of the constitution and of law which undermine the truth-determining process, his claims were cognizable under the PCRA.[3] Pennsylvania' s statutory writ of habeas corpus, therefore, was not available as to these claims, for Peterkin had a remedy at the PCRA, and his claim that he was improperly denied the right to file a petition for habeas corpus is without merit.

■ Next, Peterkin claims that the PCRA improperly suspended his right to file for a writ of habeas corpus. We note that this is Peterkin's second PCRA petition, not his first. Since Peterkin availed himself of a PCRA filing, which was tantamount to a habeas filing, he can hardly prevail on the assertion that habeas corpus was suspended as to him, for he had access to habeas corpus relief through his first PCRA petition. This claim, therefore, is without merit.

He also contends, however, that habeas corpus was improperly limited as to him. The limitation in this case was that Peterkin was required to file his first PCRA petition within

---

**3.** For example, Peterkin raises the following issue:

9. Whether the trial court should have allowed a hearing on Appellant's claim of innocence and whether Appellant's conviction and sentence were obtained through a combination of the Commonwealth's suppression of exculpatory evidence, ineffective assistance of counsel and prosecutorial misconduct, in violation of his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and under corresponding provisions of the Pennsylvania Constitution.

one year of the effective date of the act, or, in the alternative, he was required to qualify for the act's exceptions to the one year filing period.

As already noted, on November 17, 1995, the General Assembly amended the PCRA to require that, as a matter of jurisdiction, a PCRA petition must be filed within one year of final judgment:

**§ 9545. Jurisdiction and proceedings** ...

(b) Time for filing petition.

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final. . . .

\* \* \*

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review ... or at the expiration of time for seeking the review.

Act of November 17, 1995, Special Session No. 1, P.L. 1118, No. 32, effective in 60 days, 42 Pa.C.S. § 9545.

■ The conclusion of direct review was February 24, 1987, when the United States Supreme Court denied the petition for a writ of *certiorari.* Peterkin's second PCRA petition, the subject of this appeal, was filed on January 13, 1997, almost ten years after the conclusion of direct review. Peterkin, therefore, has filed his PCRA petition beyond the one-year period allowed in 42 Pa.C.S. § 9545.

■ However, section 3(1) of the Act of Nov. 17, 1995 (Spec.Sess. No. 1) P.L. 1118, No. 32, also provides that an appellant whose judgment has become final on or before the effective date of this act shall be deemed to have filed a timely petition under 42 Pa.C.S. Ch. 95 Subchapter B if the appellant's *first* petition is filed within one year of the effective date of the act. Peterkin is not eligible for the exception to the requirement that the petition be filed within one year of the effective date of the act, however, because 3(1) applies to first

petitions, and the petition which appellant filed on January 13, 1997 was his second.[4]

Since Peterkin's petition was not filed within one year of the effective date of the act (nor could it have been since his first petition had been already filed before the PCRA was enacted) it was untimely unless it fell within exceptions to the one year filing requirement. The exceptions to the one year requirement are:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1) and (2).

Peterkin's petition did not meet any of the exceptions to the one-year filing requirement of the PCRA. Since the petition was untimely and did not meet any of the exceptions to the time-for-filing requirement of the PCRA, the petition should have been denied as untimely unless, as Peterkin claims, the statutory limitations or exceptions are themselves invalid.

4. Section 3(1) can be found as a note to 42 Pa.C.S. §§ 9542, 9543, 9544, 9545 and 9546.

The final issue in the case, therefore, is whether these limitations upon Peterkin's access to the PCRA are invalid because they are unconstitutional.

It is axiomatic that no constitutional rights are absolute. All rights are subject to reasonable restrictions. In *Sayers v. Commonwealth,* 88 Pa. 291 (1879), a person convicted of first degree murder applied for a writ of error to the Supreme Court of Pennsylvania more than twenty days after his conviction. The relevant statute provided that such a writ must be applied for within twenty days. The issue in *Sayers* was formulated by the court as follows:

> The Constitution then, having given a writ of error with or without cause, in a certain class of criminal cases, as a writ of right, has the legislature the power to control and regulate it? It is conceded that the right may not be denied, nor may its exercise be unreasonably obstructed or interfered with. But may not the legislature fix return-days, and provide for a speedy hearing? This court has already done so, by virtue of its inherent power to control its business, and we have no doubt our action was in entire harmony with the Constitution. If the time of returning the writ, or of the hearing upon it, may be limited by rule of court or Act of Assembly, why may not the time be limited during which the writ may issue of course, provided such limitation be reasonable? If the legislature may fix no limitation whatever upon the issuing of such writs, it is not too much to say that capital punishment cannot be hereafter enforced in Pennsylvania.

88 Pa. at 307.

*Sayers* holds, therefore, that while there may be legislative limitations or judicial limitations on constitutional rights, such limitations must be reasonable.

Eighteen years ago, in *Commonwealth v. Watlington,* 491 Pa. 241, 420 A.2d 431 (Pa.1980), this court held that under the Post Conviction Hearing Act, Act of January 25, 1966, P.L. 1580 (1965), § 4, 19 P.S. § 1180–4, the predecessor act to the current PCRA, a person convicted of a crime could file an

unlimited number of PCHA petitions alleging errors in his trial, so long as he alleged that each prior counsel was ineffective in his treatment of these issues. In my dissent to this holding, I argued that criminal cases should be accorded finality and that the number of PCHA appeals should be limited:

> As the majority would have it, virtually *any* claim, no matter how insignificant, is cognizable on collateral review as long as that claim is cloaked with an allegation of ineffectiveness of counsel. No claim may be truly waived, nor may any criminal conviction become final, subsequent counsel may always generate new litigation by alleging the ineffectiveness of his predecessor.

> * * *

> ▪ The purpose of the [PCHA] act was to facilitate, in certain circumstances, additional review of convictions, not to fill the leisure hours of prisoners by permitting them to file endless post-conviction petitions.

420 A.2d at 436 (Flaherty, J. dissenting). With the 1995 amendments to the PCRA, the General Assembly has established a scheme in which PCRA petitions are to be accorded finality. With certain exceptions, challenges to a conviction must be raised either within one year of final judgment or within one year of the effective date of the act. Because the one-year period within which petitions normally must be filed is sufficiently generous to prepare even the most difficult case, and because the exceptions to this filing period encompass government misconduct, after-discovered evidence, and constitutional changes, we have no difficulty in concluding that the PCRA's time limitation upon the filing of PCRA petitions does not unreasonably or unconstitutionally limit Peterkin's constitutional right to habeas corpus relief. At some point litigation must come to an end.[5] The purpose of law is not to provide

---

5. Peterkin's claim that his petition for post-conviction relief cannot be dismissed as untimely because it is couched in terms of ineffectiveness of counsel is without merit. We hold herein that the time restrictions for filing PCRA petitions are constitutional; that this petition is out of time; and that it does not meet any exceptions to the time-for-filing

convicted criminals with the means to escape well-deserved sanctions, but to provide a reasonable opportunity for those who have been wrongly convicted to demonstrate the injustice of their conviction. The current PCRA places time limitations on such claims of error, and in so doing, strikes a reasonable balance between society's need for finality in criminal cases and the convicted person's need to demonstrate that there has been an error in the proceedings that resulted in his conviction.

Because appellant's PCRA petition was filed out of time, and we have found the PCRA time limitation and its exceptions constitutional, and because none of the appellant's allegations falls within the statutory exceptions to the one-year time limitation of the PCRA, we conclude that the petition was properly dismissed, albeit for a reason different from that given by the trial court.[6, 7, 8]

---

requirement. None of the claims in the petition, therefore, including the claim of ineffectiveness of counsel, is cognizable on collateral review.

6. The trial court dismissed the petition because it was premature in light of concurrent federal litigation. We affirm the dismissal because the appeal was untimely under the PCRA.

7. In *Commonwealth v. Stock*, 545 Pa. 13, 679 A.2d 760 (Pa.1996) we held that in extraordinary situations where the right to appeal was denied, an appeal nunc pro tunc should be allowed. Although Peterkin asserts that his petition is timely under principles of equitable tolling, we find nothing in Peterkin's circumstances which would bring him within this rule.

8. Peterkin also claims that the provision of the PCRA which bars his second petition as untimely is violative of due process and the Ex Post Facto clause. These claims are without merit. There is no due process violation, for as we have held herein, the time for filing restriction is reasonable. Further, there is no Ex Post Facto violation because the restriction at issue—time for filing—is procedural in nature and does not fall within the categories of retrospective laws prohibited by the Ex Post Facto clause. *Commonwealth v. Young*, 536 Pa. 57, 637 A.2d 1313 (Pa.1993).