J-S42028-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA EX REL. ROBERT J. STRINGER, RELATOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| LOUIS FOLINO, WARDEN | |
| APPEAL OF:  ROBERT J. STRINGER, RELATOR | No. 195 WDA 2014 |

Appeal from the Order Entered January 2, 2014
In the Court of Common Pleas of Greene County
Civil Division at No(s): 813 A.D. 2013

BEFORE:  PANELLA, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                      **FILED FEBRUARY 20, 2015**

Appellant Robert Stringer appeals *pro se* from the order of the Greene County Court of Common Pleas closing the case and transferring the case to the Allegheny County Court of Common Pleas.  We affirm.

On September 1, 2005, the Allegheny County Court of Common Pleas sentenced Appellant to life imprisonment.  He is currently incarcerated at the State Correctional Institution in Greene County.  On September 6, 2013, Appellant filed a "Petition for Writ of *Habeas Corpus* Ad-Subjiciendum Pursuant to Art. 1 § 14 of the Pennsylvania Constitution" in Greene County, which he amended on September 24, 2013.  His *habeas* petition alleged the trial court lacked subject matter jurisdiction because (1) the murder statute "failed to contain, define, or give notice of the required element malice, and

is arbitrary, guilt-presuming, burden-shifting, and unconstitutional [sic] vague"; (2) the affidavit of probable cause "failed to contain the required seal pursuant to the Uniform Acknowledgement Act and/or Pa.R.Crim.P. 203"; (3) he was "held to answer for infamous crimes offenses without an indictment or presentment by a grand jury"; (4) the trial judge lacked the authority to sentence Appellant to life imprisonment; (5) life imprisonment is not defined by statute and is an ambiguous term; and (6) all sentencing orders imposed failed "to bear the statute authorizing the sentence."  On January 2, 2014, the Greene County court ordered the case closed and transferred to Allegheny County.  Appellant filed a timely appeal.

On September 8, 2014, this Court ordered the Allegheny County Court of Common Pleas, Criminal Division, "to supplement the original record the Pennsylvania Superior Court received from the Court of Common Pleas of Greene County in the above-captioned case with a copy of the 'Petition for Writ of Habeas Corpus Ad-Subjicienum Pursuant to Art. 1 §14 of the Pennsylvania Constitution,' and the accompanying exhibits."  The Allegheny County trial court supplemented the record on September 30, 2014.  On October 27, 2014, this Court ordered the Greene County Court of Common Pleas to file an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).  The trial court filed its 1925(a) opinion on December 12, 2014.

On December 19, 2014, Appellant filed an application to supplement his appellate brief.  On January 7, 2015, this Court granted the application, directed the prothonotary to docket the supplemental brief, and granted the

Commonwealth thirty days to respond. The Commonwealth has not filed a responsive brief.

Stringer raises the following issues on appeal:

> I. Was the transfer of the Appellant's writ of habeas corpus ad subjiciendum a violation due process of law and the Pennsylvania Rules of Civil Procedure?

> II. Was the Appellant's rights to due process of law as it applies to the form of action and process of habeas corpus violated?

Appellant's Brief at v (verbatim).

We will address Stringer's first argument, which is dispositive. Stringer challenges the transfer of his petition, which he titled "Petition for Writ of *Habeas Corpus* Ad-Subjicienum Pursuant to Art. 1 § 14 of the Pennsylvania Constitution."

The Greene County Court found it must treat the petition as a petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541, *et seq.*, and transferred the petition to Allegheny County. Opinion, 12/12/2015, at 3. It reasoned Allegheny County, as the sentencing court, had jurisdiction over any PCRA petition filed by Appellant. **Id.**

The PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*." 42 Pa.C.S. § 9542; **accord Commonwealth v. Haun**, 32 A.3d 697 (Pa.2011). The writ of *habeas corpus*, therefore, "exists

only in cases in which there is no remedy under the PCRA."
*Commonwealth v. Turner*, 80 A.3d 754, 770 (Pa.2013) (citing
*Commonwealth v. Peterkin*, 722 A.2d 638 (Pa.1998)). The trial court
that imposed the judgment of sentence has jurisdiction over any PCRA
petitions.

The following claims are cognizable under the PCRA:

That the conviction or sentence resulted from one or more of the following:

(i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) Deleted.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S. § 9543(a)(2).

Appellant's "*habeas*" petition challenges his conviction and sentence alleging, *inter alia*, the murder statute is ambiguous, the affidavit of probable cause is defective, and the term "life imprisonment" is ambiguous. Such claims are cognizable under the PCRA and cannot be raised in a *habeas* petition. **See Taylor**, 65 A.3d at 466; 42 Pa.C.S. § 9543(a)(2).

Because the Allegheny County court sentenced Appellant, it has jurisdiction to address any PCRA petitions filed by Appellant. Accordingly, the Greene County court properly transferred this action to Allegheny County.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/20/2015