J. S16032/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
 : PENNSYLVANIA
    Appellee :
 :
    v. :
 :
JOHN THOMPSON JR, :
 :
    Appellant : No. 1703 EDA 2015

Appeal from the PCRA Order May 27, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0712371-1979

BEFORE: OTT, J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY DUBOW, J.:    **FILED March 21, 2016**

Appellant John Thompson appeals from the Order denying as untimely his fourth Petition filed pursuant to Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §9542-9545, and his Petition for a Writ of *Habeas Corpus*. In light of ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016), and ***Commonwealth v. Secreti,*** __ A.3d __, 2016 WL 513341 (Pa. Super. filed Feb. Feb. 9, 2016), we vacate and remand for further proceedings consistent with ***Montgomery***.

On February 6, 1980, a jury found Appellant guilty of first-degree murder. The trial court sentenced Appellant, then 17 years old, to a mandatory term of life imprisonment without the possibility of parole ("LWOP"). This Court affirmed the judgment of sentence, and our Supreme Court denied allocatur on May 3, 1985. Appellant thereafter filed four

Petitions seeking collateral relief pursuant to the PCRA, which were all denied.

On June 21, 2010, Appellant filed the instant *pro se* PCRA Petition raising a claim pursuant to **Graham v. Florida**, ___ U.S. ___. 130 S.Ct. 2011 (2010). On July 18, 2012, Appellant amended his Petition to assert the new constitutional right recognized on June 25, 2012, in **Miller v. Alabama**, 132 S.Ct. 2455 (2012) (prohibiting mandatory sentences of LWOP for juvenile offenders). On December 16, 2013, Appellant filed a second amendment to his Petition, providing further discussion of **Miller**, **supra**, and its companion case, **Jackson v. Hobbs,** 132 S.Ct. 2455 (2012).[1] On December 27, 2013, Appellant filed a Petition for a Writ of *Habeas Corpus*, also asserting his **Miller/Jackson** claim.

On June 16, 2014, pursuant to Pa.R.Crim.P. 907, the trial court filed a notice of intent to dismiss both the 2010 PCRA Petition and the Petition for a Writ of *Habeas Corpus*. On May 27, 2015, the trial court concluded the issue raised in Appellant's Petition for a Writ of *Habeas Corpus* was cognizable under the PCRA, and denied both Petitions as untimely based on **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013) (holding that **Miller/Jackson** did not create a new constitutional right that applies retroactively). On June 5, 2015, Appellant appealed to this Court.

---

[1] **Miller** pertained to a case decided on direct appeal; **Jackson** pertained to a state post-conviction case.

On January 25, 2016, while Appellant's PCRA appeal was pending, the U.S. Supreme Court decided *Montgomery*, *supra*, holding that *Miller* must be applied retroactively by the States.

Appellant presents the following questions for our review:

(a) Did the lower court fail to adjudicate Appellant's writ of *habeas corpus* under the proper standard, as held under 42 Pa.C.S. § 6501 et al., where Appellant challenged the Pennsylvania State Constitution under Article 1, Section(s) 9, 13 and 14?

(b) Did the lower court fail to adjudicate Appellant's Post-Conviction Relief Act Petition under the proper standard, where the United States Supreme Court was implicit in their decision of retroactivity under *Jackson v. Hobbs*, __ U.S. __, 132 S.Ct. 2455?

Appellant's Brief at 3.

Our standard of review of the denial of a PCRA petition is well-settled. We are limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Secreti*, *supra* at *2 (citation omitted). This Court grants great deference to the findings of the PCRA court if supported by the record, but we give no such deference to the court's legal conclusions. *Id*. (citations omitted).

Appellant first challenges the trial court's disposition under the PCRA of his Petition for a Writ of *Habeas Corpus*. We conclude the trial court properly did so.

It is well-settled that the PCRA provides the "sole means of obtaining collateral relief and encompasses all other common law and statutory

remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus[.]" 42 Pa.C.S. § 9542. *See Commonwealth v. West*, 938 A.2d 1034, 1043 (Pa. 2007) ("[T]he PCRA subsumes all forms of collateral relief ... to the extent a remedy is available under such enactment.") (emphasis omitted); and *Commonwealth v. Peterkin*, 722 A.2d 638, 640 (Pa. 1998) ("The writ [of *habeas corpus* ] continues to exist only in cases in which there is no remedy under the PCRA.").

Claims based on a "newly recognized constitutional right" are cognizable under the PCRA pursuant to 42 Pa.C.S. § 9545(b)(1)(iii) and (2).[2] Accordingly, the trial court properly considered Appellant's "subsequent iteration of *Miller*" raised in his Petition for a Writ of *Habeas Corpus* under the PCRA. Trial Court Order and Memorandum Op., dated May 27, 2015, at 2.

Appellant's second issue challenges the LWOP imposed upon him as a juvenile. The PCRA court denied Appellant's request for collateral relief after concluding that *Cunningham*, *supra*, explicitly provided that *Miller* did not create a new constitutional right that applies retroactively. This issue

---

[2] 42 Pa.C.S. §9545(b)(1)(iii) provides: "Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that … the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." Subsection (b)(2) provides: "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented."

implicates the holding of the U.S. Supreme Court's recent decision in ***Montgomery***, ***supra***.

In ***Secreti, supra***, this Court recently recognized that "***Montgomery*** has clarified ***Miller*** with regard to its substantive law and retroactivity. Consequently, … ***Cunningham***, ***supra***, no longer controls in this context." ***Secreti, supra*** at *5. The panel concluded that "***Miller*** remains the lodestar for substantive constitutional law on this subject such that the retroactivity determination will be deemed to have existed at the time the pending petition[ was] filed." ***Secreti***, ***supra*** at *6. Thus, as a result of ***Montgomery***, "the ***Miller*** rule of law 'has been held' to be retroactive for purposes of collateral review as of the date of the ***Miller*** decision on June 25, 2012." ***Secreti*** at *6, citing ***Commonwealth v. Abdul-Salaam***, 812 A.2d 497, 501-2 (Pa. 2002) (noting that the "language 'has been held' in 42 Pa.C.S. § 9545(b)(1)(iii) means that a retroactivity determination must exist at the time that the Petition is filed.").

The instant case "represents an example of the unique situation implicating those PCRA petitions seeking ***Miller*** relief which were filed in the time gap following ***Miller*** but before ***Montgomery***." ***Secreti***, ***supra***, at *5. Here, Appellant amended his current PCRA petition on July 18, 2012, within 60 days of the June 25, 2012 ***Miller*** decision, as required by Section 9545(b)(2), and asserted ***Miller's*** substantive law as an exception to the PCRA timeliness requirements, as provided in Section 9545(b)(1)(iii). While

the appeal of the denial of his PCRA Petition was pending in this Court, the U.S. Supreme Court decided ***Montgomery***.

Because Appellant had timely raised his ***Miller*** claim, and his Petition was pending on appeal at the time ***Montgomery*** was decided, Appellant's second issue is cognizable under the rule announced in ***Montgomery***. Accordingly, we reverse the PCRA court's order, vacate Appellant's judgment of sentence, and remand for resentencing in accordance with ***Commonwealth v. Batts***, 66 A.3d 286 (Pa. 2013).[3] ***See Secreti***, ***supra*** at *6.

Order reversed; case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/2016

---

[3] In ***Batts***, ***supra***, the Pennsylvania Supreme Court recognized that "***Miller*** requires only that there be judicial consideration of the appropriate age-related factors set forth in that decision prior to the imposition of a sentence of life without parole on a juvenile." ***Batts***, 66 A.3d. at 296.