J-S29030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD L. DOMES | |
| Appellant | No. 1914 WDA 2015 |

Appeal from the PCRA Order entered November 10, 2015
in the Court of Common Pleas of Allegheny  County
Criminal Division, at No(s): CP-02-CR-0008386-1993

BEFORE:  BENDER, P.J.E., PANELLA, J., and FITZGERALD*, J.

MEMORANDUM BY PANELLA, J.                    **FILED MAY 27, 2016**

This is a *pro se* appeal from the order dismissing the "Petition for Writ of Habeas Corpus Ad Subjiciendum" filed by Appellant, Edward L. Domes, as an untimely serial petition pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

The pertinent facts and partial procedural history have been summarized as follows.

> Following a jury trial on May 17, 1999, [Appellant and his co-defendant] were convicted of first degree murder. [Appellant] was sentenced to life imprisonment. This Court affirmed the judgment of sentence on December 13, 2000. [Appellant] filed a petition for allowance of appeal with our Supreme Court, which denied *allocatur* on June 27, 2001.
>
> On May 22, 2002, [Appellant], represented by counsel, filed his first PCRA petition. The PCRA court denied the petition without a hearing. After [Appellant] filed a *pro se* notice of

*Former Justice specially assigned to the Superior Court.

appeal[,] counsel was appointed and [Appellant] subsequently filed an appeal for our Court's review. Our Court affirmed the dismissal of the PCRA petition on January 6. 2004.

On October 24, 2005, [Appellant] filed [his second] PCRA petition . . . arguing that evidence discovered after his [trial] entitle[d] him to a new trial. . . . The PCRA court initially dismissed the petition, but then granted reconsideration, reinstated the petition, and ordered an evidentiary hearing on the alleged after-discovered evidence. An amended PCRA petition was filed. On January 26, 2007, [Appellant, his co-defendant, and another witness] testified at the evidentiary hearing. On May 30, 2007, the PCRA court dismissed the PCRA petition.

*Commonwealth v. Domes*, 953 A.2d 826 (Pa. Super. 2008) (Table), unpublished memorandum at 2-3 (citations and footnote omitted). We affirmed the order denying post-conviction relief on April 18, 2008. *See id*. On November 25, 2008, our Supreme Court denied Appellant's petition for allowance of appeal. *See Commonwealth v. Domes*, 961 A.2d 858 (Pa. 2008) (Table).

On August 13, 2015, Appellant filed the petition at issue. The PCRA court issued notice of intent to dismiss Appellant's petition without a hearing. Appellant filed a *pro se* response, but the PCRA court denied the petition. This appeal follows. Appellant raises the following issues.

I.      Did the [PCRA] Court [err] in construing or dismissing [Appellant's] Writ of Habeas Corpus Ad Subjiciendum as a [PCRA] petition?

II.     Did the Commonwealth create a procedural due process of law violation by lodging the criminal charge of 18 Pa.C.S.A. § 2501 Criminal Homicide?

III.    Did the [trial court] have statutory authorization to instruct the Jury on First Degree Murder where [Appellant's] trial was not deemed a capital case?

- 2 -

> IV. Did the [trial court] have statutory authorization to impose a sentence of life imprisonment sua sponte?

*See* Appellant's Brief at 8.

Initially, as readily acknowledged by Appellant, "[t]he PCRA subsumes the remedy of habeas corpus with respect to remedies offered under the PCRA." Appellant's Brief at 11 (citing *Commonwealth v. West*, 868 A.2d 1267 (Pa. Super. 2005), and *Commonwealth v. Peterkin*, 722 A.2d 638 (Pa. 1998)). Appellant's claims involving the validity of his first-degree murder conviction and the legality of his sentence clearly are cognizable under the PCRA. *See*, *e.g.*, *Commonwealth v. Burkett*, 5 A.3d 1260, 1275 (Pa. Super. 2010) ("PCRA review is limited to defendants who claim they were wrongfully convicted and/or are serving an illegal sentence."). Thus, the PCRA Court properly treated Appellant's petition under the PCRA.

Before addressing Appellant's remaining claims, however, we must first determine whether the PCRA court correctly concluded that Appellant's *pro se* petition was untimely filed.

The timeliness of a post-conviction petition is jurisdictional. *See Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met. A PCRA petition invoking one of these

statutory exceptions must "be filed within 60 days of the date the claims could have been presented." **Hernandez**, 79 A.3d 651-52 (citations omitted). **See also** 42 Pa.C.S.A. § 9545(b)(2).

Appellant's judgment of sentence became final on September 25, 2001, when the ninety-day time period for filing a writ of certiorari with the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Therefore, Appellant needed to file the petition at issue by September 25, 2002, in order for it to be timely. Appellant filed the instant petition over ten years later; it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies.

Within his brief, Appellant has neither acknowledged the PCRA's time bar nor attempted to prove any exception thereto. Thus, the PCRA court correctly concluded that it lacked jurisdiction to consider Appellant's serial PCRA petition. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/27/2016

- 4 -