J-S44016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY FELICIANO | |
| Appellant | No. 2737 EDA 2015 |

Appeal from the PCRA Order entered August 24, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0002321-2008

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 24, 2016**

Appellant, Anthony Feliciano, appeals *pro se* from the August 24, 2015 order entered in the Court of Common Pleas of Lehigh County, denying his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In a prior appeal, we summarized the factual and procedural background as follows:

> On June 10, 2009, Appellant pled guilty to one count of possession with the intent to deliver.  At the time of the plea, counsel for Appellant and the Commonwealth agreed to a minimum sentence not less than the bottom of the standard range and to waive the mandatory minimum for the offense.  On July 15, 2009, Appellant was sentenced to eight to twenty years['] imprisonment.
>
> Appellant filed a motion for reconsideration of sentence on July 24, 2009, which was denied.  He did not file a direct appeal.  On June 25, 2010, Appellant filed a timely *pro se* petition for PCRA relief, counsel was appointed, and counsel filed an amended

petition and a second amended petition on Appellant's behalf. In the latter, Appellant alleged that his guilty plea was unlawfully induced by the Commonwealth's representation that it would recommend that the sentence run concurrent to any sentence of back time he would receive for his state parole violation.

[Following a hearing, the PCRA court denied relief]. This Court affirmed the decision of the PCRA court on June 29, 2011. ***Commonwealth v. Feliciano***, [No. 3477 EDA 2010, unpublished memorandum, (Pa. Super. filed June 29, 2010)].

On January 13, 2014, Appellant filed a *pro se* motion for clarification of intended sentences in which he reiterated the same claim the sentences were to run concurrently and asked the trial court to clarify that for the Board of Corrections. The court denied the motion on January 14, 2014, and Appellant appealed to this Court on January 29, 2014. [We affirmed the denial. ***See Commonwealth v. Feliciano***, No. 359 EDA 2014, unpublished memorandum (Pa. Super. filed July 7, 2015)].

On July 10, 2014, despite the pending appeal, Appellant filed the within petition for writ of *habeas corpus*. The trial court treated the petition as a PCRA petition and issued Rule 907 notice of intent to dismiss on July 22, 2014, due to untimeliness. Appellant filed a response on August 11, 2014, and by order of August 19, 2014, the court found that Appellant's response merely reiterated the same assertions previously raised and rejected in his first PCRA petition, *i.e.*, that June 10, 2009 guilty plea was illegally induced. Appellant also alleged that ***Alleyne v. United States***, 133 S. Ct. 2151 (2013), announced a new constitutional right and that it should be retroactively applied. The PCRA court denied relief and dismissed the petition as untimely on August 19, 2014.

***Commonwealth v. Feliciano***, 2725 EDA 2014, unpublished memorandum

at 1-3 (Pa. Super. filed July 7, 2015) (footnotes omitted).

Appellant appealed to this Court. Upon review, we concluded:

Although we agree with the PCRA court's conclusion that the [] habeas petition is an untimely PCRA, we note that Appellant filed the [] petition in the trial court while this case was already on appeal to this Court. The appeal of the clarification order

operated to divest the trial court of jurisdiction to rule. Absent jurisdiction, the order [denying relief] is a legal nullity.

***Id.*** at 4-5 (citation omitted).

Accordingly, we vacated the order dismissing the *habeas corpus*/PCRA petition. In the meantime, the appeal of the clarification order was completed, and the PCRA court's denial of relief is now ripe for decision.

Before we address the merits of Appellant's issues,[1] we must determine whether we can entertain the instant appeal. Appellant argues his petition qualifies for the timeliness exception set forth in § 9545(b)(1)(iii) "based upon newly confirmed U.S. constitutional rights, as confirmed by the [Pennsylvania] Supreme Court decision" in ***Commonwealth v. Hopkins***, 117 A.3d 247 (Pa. 2015). Appellant's Brief at 7. In Appellant's view, ***Hopkins*** rendered null and void, *ab initio*, all prosecutions and judgments obtained through mandatory minimum/maximum sentence statutes. ***Id.*** at

_____

[1] Appellant raised the following issues for our review:

1. Did the Pennsylvania Legislature impose illegal and unconstitutional statutes as relied upon the lower court?

2. Did the lower court have jurisdiction and authority to correct its' [sic] on-record errors in its' [sic] judgments and orders; [sic] even in the face of a pending appeal?

3. Was Appellant entitled to habeas corpus due process and relief?

Appellant's Brief at 6.

9. In his case, Appellant argues, he involuntarily entered into a guilty plea based on a statute *Hopkins* rendered unconstitutional. *Id.* Accordingly, Appellant argues, all "the lower court proceedings, orders and judgments [] were and are legal nullities, ab initio[.]" *Id.* at 8. Appellant also appears to challenge the PCRA court's treatment of his "Motion for Reinstatement/Renewal Petition for Writ of Habeas Corpus" as a PCRA petition. *Id.* at 7.

We discern several flaws in Appellant's argument. In *Hopkins*, the Pennsylvania Supreme Court held that 18 Pa.C.S.A. § 6317, which required a mandatory minimum sentence if certain controlled substances crimes occurred within 1,000 feet of a school, was unconstitutional under *Alleyne*. *Hopkins* was decided on direct appeal, and did not mandate its application to post-conviction proceedings. Thus, reliance on *Hopkins* is misplaced.

Even if the Supreme Court had said so, Appellant failed to explain how *Hopkins* would be relevant here, since his case does not concern Section 6317.[2] Indeed, Appellant was not even sentenced to a mandatory minimum sentence. Trial Court Order, 9/24/15, at 1 n.1.

---

[2] Appellant entered a <u>negotiated</u> guilty plea to possession with the intent to deliver, 35 P.S. § 780-113(A)(30), and was sentenced to eight to twenty years' imprisonment. Trial Court Order, 9/24/15, at 1 n.1; Trial Court Order, 8/24/15, at 1.

Finally, it should be noted that **Hopkins** is an application of **Alleyne**. **Alleyne**, however, is not applicable to the instant matter because Appellant's case was at the collateral stage when **Alleyne** was decided (June 23, 2013), and **Alleyne** does not apply retroactively to cases on collateral review. **See Commonwealth v. Washington,** 2016 WL 3909088, at *8 (Pa. July 19, 2016) ("We hold that **Alleyne** does not apply retroactively to cases pending on collateral review[.]"; **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014) ("[N]either our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had become final."). "If [**Alleyne**] does not apply retroactively, then a case extending [**Alleyne**] should not apply retroactively." **Walker v. United States**, 810 F.3d 568, 575 (8th Cir. 2016). Accordingly, Appellant cannot rely on **Hopkins** to overcome the PCRA's jurisdictional time bar.

Because Appellant's facially untimely petition fails to invoke a valid exception to the timeliness requirements of the PCRA, and because **Hopkins** does not apply retroactively on collateral review, Appellant is not entitled to relief. Therefore, the PCRA court properly dismissed Appellant's PCRA petition.[3]

_____

[3] On the merits, the instant petition is "nothing more than a rehash of [Appellant]'s first PCRA petition arguing that his plea was involuntary." **Feliciano**, No. 359 EDA 2014, at 6. It should be noted that the PCRA court

*(Footnote Continued Next Page)*

Next, Appellant argues that the PCRA court erred in treating his motion as a PCRA petition, that his request for habeas corpus relief is constitutionally guaranteed and cannot be suspended by the PCRA, and that the legislature lacks the constitutional power to limit the availability of habeas corpus.  **See** Appellant's Brief at 10-12.  These very same arguments were raised and rejected in **Commonwealth v Peterkin**, 722 A.2d 638 (Pa. 1998).  It is well-established that the PCRA subsumes the remedy of habeas corpus with respect to remedies offered under the PCRA.  Therefore, to the extent the relief sought falls within the purview of the PCRA, the remedy requested must meet the PCRA requirements.  Here, Appellant essentially alleges violations of the constitution and of law that undermine the truth-determining process, which are claims cognizable under the PCRA. Accordingly, no writ of habeas corpus remedy is "available as to these claims, for [Appellant] had a remedy at the PCRA, and his claim that he was improperly denied the right to file a petition for habeas corpus is without

_(Footnote Continued)_ _____

denied Appellant relief on his first PCRA petition, and this Court affirmed on appeal.  **Feliciano**, 3477 EDA 2010. The merits of the instant petition were, therefore, previously litigated, and rejected.  Accordingly, no relief is due. **See** 42 Pa.C.S.A. §§ 9544(a), 9543(a)(3).  We also note that in the petition giving rise to this appeal Appellant argued that his petition was timely in light of **Alleyne**.  On appeal, Appellant changes his theory for relief.  On appeal, timeliness is now achieved through **Hopkins**.  As noted above, it does not matter whether Appellant relies on **Alleyne** or **Hopkins**.  Neither provides support to his timeliness argument.

merit." ***Id.*** at 640-41. Because Appellant failed to raise the underlying issues in a timely PCRA petition, no relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/24/2016