J-S01037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEVEN D. GEBHART | : | |
| | : | |
| Appellant | : | No. 1099 MDA 2017 |

Appeal from the PCRA Order Entered May 30, 2017
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0005854-2008,
CP-67-CR-0007763-2009

BEFORE:  GANTMAN, P.J., MURRAY, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED FEBRUARY 06, 2018**

Appellant, Steven D. Gebhart, appeals *pro se* from the order entered in the York County Court of Common Pleas, which denied his serial petition for collateral relief (labeled as motions for various relief) per the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  At Docket No. 5854-2008, a jury convicted Appellant on November 17, 2010, of theft by deception, corrupt organizations, and deceptive business practices.  On February 4, 2011, the court sentenced Appellant to an aggregate term of 4.3 to 8.6 years' incarceration.  This Court affirmed the judgment of sentence on September 22, 2014, and our Supreme Court denied allowance of appeal on April 1, 2015.  *See Commonwealth v. Gebhart*, 107 A.3d 232 (Pa.Super. 2014) (unpublished memorandum), *appeal denied*, 631 Pa. 735, 113 A.3d 278 (2015).  Appellant sought no further direct review.  So, the judgment of

sentence at Docket No. 5854-2008 became final on June 30, 2015.

At Docket No. 7763-2009, a jury convicted Appellant on November 3, 2011, of insurance fraud. On December 21, 2011, the court sentenced Appellant to an aggregate term of 9 months to 5 years' incarceration, plus restitution, consecutive to the sentence at Docket No. 5854-2008. This Court affirmed on February 15, 2013. *See Commonwealth v. Gebhart*, 68 A.3d 364 (Pa.Super. 2013) (unpublished memorandum). Appellant sought no further direct review. So, the judgment of sentence at Docket No. 7763-2009 became final on March 17, 2013. In 2014, Appellant filed his first PCRA petition at Docket No. 7763-2009, which was ultimately unsuccessful. In 2016, Appellant filed at both docket numbers a PCRA petition—his first at Docket No. 5854-2008 and his second at Docket No. 7763-2009—which was also ultimately unsuccessful.

On May 10, 2017, Appellant filed at both docket numbers several *pro se* motions, including: "Motion for Writ of *Habeas Corpus* 28 U.S.C. § 2254 Newly Discovered Evidence;" "Motion for Original Jurisdiction;" and "Motion for Quash." The PCRA court deemed the motions collectively as his second PCRA petition at Docket No. 5854-2008 and his third PCRA petition at Docket No. 7763-2009. The PCRA court denied Appellant relief in an order dated May 30, 2017, and mailed to Appellant on May 31, 2017. On June 30, 2017, Appellant timely filed a *pro se* notice of appeal, per the prisoner mailbox rule. *See Commonwealth v. Chambers*, 35 A.3d 34 (Pa.Super.

2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012) (explaining prisoner mailbox rule provides that document is considered filed on date *pro se* prisoner delivers it to prison authorities for mailing). The PCRA court ordered Appellant, on July 7, 2017, to file a Rule 1925(b) statement; Appellant timely complied on August 1, 2017, and filed an amended statement on August 3, 2017.

Preliminarily, a petition for post-conviction collateral relief will generally be considered a PCRA petition, even if captioned as a request for *habeas corpus* relief, if the petition raises issues cognizable under the PCRA. **See Commonwealth v. Peterkin**, 554 Pa. 547, 722 A.2d 638 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose). The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Turner**, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant appears to assert, *inter alia*, the trial courts lacked jurisdiction and he recently discovered new evidence related to his convictions. Appellant's claims are cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(vi), (viii). So, the court properly treated Appellant's *pro se* motions collectively as a PCRA petition. *See Peterkin, supra*. Nevertheless, at Docket No. 7763-2009, Appellant's judgment of sentence became final on March 17, 2013, upon expiration of the time to file a petition for allowance of appeal in our Supreme Court. *See* Pa.R.A.P. 1113(a). At Docket No. 5854-2008, Appellant's judgment of sentence became final on June 30, 2015, upon expiration of the time to file a petition for a writ of *certiorari* in the U.S. Supreme Court. *See* U.S.Sup.Ct.R. 13. Appellant filed the current, *pro se* serial petition for collateral relief on May 10, 2017, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Though Appellant appears to claim he has newly-discovered evidence, he failed to plead and prove any of the exceptions to the PCRA time-bar. *See id.* Therefore, Appellant's petition remains time-barred, and the PCRA court lacked jurisdiction to review it. *See Turner, supra*. Accordingly, we affirm.[1]

Order affirmed.

---

[1] Due to our disposition, we deny as moot Appellant's open "Motion for Temporary Restraining Order," "Motion for Writ of *Habeas Corpus*," and "Motion for Expedition."

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/06/2018