J-S40043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| NIGEL DEDIEECE CARTER | : | |
| | : | |
| Appellant | : | No. 2164 EDA 2021 |

Appeal from the Order Entered September 3, 2021
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000411-2011

BEFORE: PANELLA, P.J., STABILE, J., and KING, J.

JUDGMENT ORDER BY KING, J.: **FILED JANUARY 9, 2023**

Appellant, Nigel Dedieece Carter, appeals *pro se* from the order entered in the Chester County Court of Common Pleas, denying as untimely his serial petition for relief under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The relevant facts and procedural history of this case are as follows. On January 30, 2012, Appellant entered a negotiated guilty plea to two counts of possession of a controlled substance with the intent to deliver. The court sentenced Appellant that day to an aggregate term of 6½ to 14 years' imprisonment. Appellant did not file a direct appeal.

On March 29, 2016, Appellant filed a *pro se* PCRA petition. The court appointed counsel, who filed an amended PCRA petition on May 31, 2016. On July 13, 2016, the court issued notice per Pa.R.Crim.P. 907 of its intent to

dismiss the petition without a hearing. The court formally denied PCRA relief on September 9, 2016.

On June 17, 2021 and July 12, 2021, Appellant filed *pro se* petitions for writ of *habeas corpus*, which the court treated together as a serial PCRA petition. The court issued Rule 907 notice on July 21, 2021. Appellant filed a *pro se* response on July 29, 2021. On September 3, 2021, the court denied PCRA relief. Appellant timely filed a notice of appeal on September 20, 2021, per the prisoner mailbox rule.

Preliminarily, any petition for post-conviction collateral relief will generally be considered a PCRA petition, even if styled as a request for *habeas corpus* relief, if the petition raises issues for which the relief sought is available under the PCRA. *See Commonwealth v. Peterkin*, 554 Pa. 547, 722 A.2d 638 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose).

As well, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Zeigler*, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of

time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow very limited circumstances to excuse the late filing of a petition; a petitioner must also assert the exception within the time allowed under the statute. 42 Pa.C.S.A. § 9545(b)(1) and (b)(2).

Instantly, Appellant's petitions for writ of *habeas corpus* attacked the legality of his sentence. As these claims are cognizable under the PCRA, the court properly treated the petitions under the confines of the PCRA. ***See Peterkin, supra***. Appellant's judgment of sentence became final on February 29, 2012, which was 30 days after the court sentenced Appellant and the date by which Appellant had to file his direct appeal. ***See*** Pa.R.A.P. 903(a) (allowing 30 days to file notice of appeal); 42 Pa.C.S.A. § 9545(b)(3). Appellant did not file his *pro se* petitions for writ of *habeas corpus* until June 17, 2021 and July 12, 2021, well beyond the one-year time limit. Significantly, Appellant did not plead any exception to the PCRA time-bar before the PCRA court as a basis for the PCRA court's jurisdiction. Likewise, Appellant cites no exception to the PCRA time-bar in his appellate brief. Under these circumstances, Appellant's current prayer for relief remains time-barred and the PCRA court properly denied relief.[1] Accordingly, we affirm.

---

[1] Appellant has filed two applications for relief in this Court, claiming that he is currently imprisoned for a parole violation at the underlying docket, based on new charges at docket No. CP-15-CR-1929-2021. According to Appellant, he posted bail regarding the new charges and is being detained solely based on the parole violation while the new charges are still pending. Appellant
*(Footnote Continued Next Page)*

J-S40043-22

Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/9/2023

---

claims he sought relief in the trial court, the trial court denied relief, and he has an appeal pending at docket No. 1913 EDA 2022. Although Appellant asks us to remove the parole detainer or set reasonable bail, the avenue for seeking relief is not at the current appellate docket related to the denial of his untimely PCRA petition. Appellant may pursue further relief in this Court at docket No. 1913 EDA 2022.

- 4 -