J-S32026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER MICHAEL HERSH | : | |
| | : | |
| Appellant | : | No. 2131 EDA 2023 |

Appeal from the PCRA Order Entered July 25, 2023
In the Court of Common Pleas of Chester County
Criminal Division at Nos:  CP-15-CR-0000060-2017,
CP-15-CR-0000072-2017, CP-15-CR-0002071-2017

BEFORE:  LAZARUS, P.J., STABILE, J., and KING, J.

MEMORANDUM BY STABILE, J.:                 **FILED MARCH 31, 2025**

Appellant, Christopher Michael Hersh, seeks review of an order of the Chester County Court of Common Pleas (PCRA Court) dismissing as untimely his second petition for postconviction relief.  We affirm.

At his jury trial held on October 23, 2020, Appellant was found guilty of burglary, theft by unlawful taking, receiving stolen property, criminal trespass, criminal mischief, and several counts of conspiracy with respect to those offenses.  He was sentenced to an aggregate prison term of 26 to 52 years, and he did not file any post-sentences motions or a direct appeal.

Appellant timely filed his first petition for postconviction relief, *pro se*, on March 22, 2021.  The petition contained about 13 individual claims, dozens of exhibits, and hundreds of pages of material.  In sum, Appellant asserted that his trial counsel was ineffective in a variety of ways throughout several

stages of the proceedings. Appellant was appointed PCRA counsel (who was later permitted to withdraw from the case), and the petition was denied for lack of merit. Appellant sought review, but this Court quashed the appeal as untimely, as it was filed beyond 30 days from the date on which the petition was dismissed. ***See Commonwealth v. Hersh***, No. 2537 EDA 2021 (Pa. Super. filed August 23, 2022) (unpublished memorandum). Appellant did not seek further review.

About ten months later, on June 2, 2023, Appellant filed this second petition, again proceeding as a *pro se* litigant. The heading of this filing indicated that it was to be considered alternatively as a PCRA Petition or as a "Habeas Corpus Petition, Pursuant to Article I, § 14, Pennsylvania State Constitution; and Article I, § 9 Clause 2, United States Constitution." Appellant again asserted numerous claims of ineffective assistance of counsel, adding that the proceedings were deficient because neither the court, nor counsel, took adequate steps to manage Appellant's mental health breakdowns and incompetence, depriving him of a fair trial. ***See*** PCRA Petition 6/2/2023, at paras. 42-49.

The PCRA court treated the filing as a PCRA petition and entered a notice of intent to dismiss it pursuant to Pa.R.Crim.P. 907. On July 25, 2023, the PCRA court dismissed the second petition as untimely filed. The PCRA court noted that many of the claims raised in the second petition overlapped with those in his first petition which had already been fully adjudicated. ***See*** PCRA Court 1925(a) Opinion, 10/11/2023, at 2-3. Appellant's competency issues

- 2 -

were construed by the PCRA court as additional claims of trial counsel's ineffectiveness stemming from the failure to request a competency hearing. *See id*., at 3.

Moreover, the PCRA explained that Appellant had not established any exception to the jurisdictional time-bar imposed by the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Appellant had instead attempted to avoid the time-bar by arguing that he was seeking *habeas corpus* relief, which he contended is not subject to the PCRA. The PCRA court rejected that argument, as all forms of collateral relief are subject to the PCRA's timing requirements where the type of relief sought may be afforded under the PCRA. *See id*.

Appellant timely appealed from the order dismissing his second PCRA petition.[1] The issues he now asserts in his brief are somewhat difficult to discern. He appears to dispute the PCRA court's position that his claims are governed by the PCRA and therefore subject to its filing deadlines; he also raises several claims relating to the ineffectiveness of his prior trial counsel, such as the failure to request a competency hearing, failure to file post-sentence motions, and failure to file a direct appeal. The Commonwealth did not file a brief in response.

_____

[1] The appeal was initially dismissed on January 10, 2024. But on January 29, 2024, this Court vacated that dismissal order, *sue sponte*, and the appeal was reinstated.

- 3 -

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **See Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015). A PCRA court's legal conclusions and application of law are subject to *de novo* review. **See id**.

Under the PCRA, a petitioner must file claims for postconviction relief within one year from the date that the judgment of sentence became final. **See** 42 Pa.C.SA. § 9545(b)(1). In order to satisfy an exception to this time-bar, a petitioner must plead and prove the applicability of any of the enumerated exceptions outlined in 42 Pa.C.S.A. § 9545.

The PCRA's timing restrictions are jurisdictional in nature. **See Commonwealth v. Reid**, 235 A.3d 1124, 1143 (Pa. 2020). If a PCRA petition is untimely, then the PCRA court does not have jurisdiction over the petition or the legal authority to consider the substantive merit of the claims. **See id**.; **see also Commonwealth v. Branthafer**, 315 A.3d 113, 121-23 (Pa. Super. 2024) (same).

Here, the subject PCRA petition (Appellant's second) was filed June 2, 2023, well beyond a year after his judgment of sentence became final. As Appellant implicitly recognizes in his brief, his claims were filed after the period in which to seek relief pursuant to the PCRA.

Appellant's only argument regarding the timeliness of his claims is that the PCRA court erred in ruling that the PCRA applies to them. According to Appellant, he has sought *habeas corpus* relief, allowing his claims to be heard

on the merits regardless of when they were filed. However, it is immaterial how a petitioner styles a filing, as courts must ascertain the substance of a claim in determining whether the PCRA's timing restrictions apply.

The PCRA subsumes the postconviction remedies that could formerly be obtained through the writ of *habeas corpus*. **See generally Commonwealth v. Peterkin**, 722 A.2d 638, 639 n.1 (Pa. 1998); **see also Commonwealth v. Morris**, 822 A.2d 684, 692-93 (Pa. 2003) ("[T]he PCRA subsumes the writ of habeas corpus and . . . habeas corpus provides an independent basis for relief only in those cases when there is no remedy under the PCRA.").

Claims of ineffectiveness are cognizable under the PCRA, and the PCRA's jurisdictional time-bar will preclude merits consideration of such claims if they are not timely filed. **See** 42 Pa.C.S.A. § 9542(a)(2) (allowing a petitioner to obtain collateral relief under the PCRA where a conviction resulted from a constitutional violation or the ineffectiveness of counsel which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.").

Further, our Supreme Court has recognized that a petitioner's competence to stand trial is an issue that is cognizable under the PCRA, making such claims subject to the PCRA's jurisdictional time-bar. **See generally Commonwealth v. Santiago**, 855 A.2d 682, 691-97 (Pa. 2004) (allowing petitioner to raise, for the first time, issue of his trial competency in a PCRA petition, and setting forth procedures for the PCRA court's retrospective consideration of petitioner's competence to stand trial).

Accordingly, we find that all of the grounds for relief that Appellant has asserted in the present filing relate either to the ineffective assistance of trial counsel or Appellant's competence to participate in the proceedings. Such claims are cognizable under the PCRA and had to be timely filed within a year from the date on which the judgment of sentence was entered, unless Appellant could satisfy an exception. The instant petition was filed more than two years after the judgment of sentence became final, and Appellant did not assert, much less establish, that an exception applies. Thus, since the PCRA court did not err in treating Appellant's most recent filing as an untimely PCRA petition for relief, and then dismissing the petition on timeliness grounds, the order of dismissal must be upheld.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/31/2025