J. S76029/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ERNEST CULBREATH | : | |
| APPELLANT | : | |
| | : | |
| | : | No. 1076 EDA 2016 |

Appeal from the PCRA Order February 23, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000192-1976

BEFORE: STABILE, J., DUBOW, J., and STEVENS, P.J.E. [*]

MEMORANDUM BY DUBOW, J.:                    **FILED NOVEMBER 18, 2016**

Appellant, Ernest Culbreath, appeals from the Order entered by the Chester County Court of Common Pleas dismissing his pleading titled "Collateral Relief Encompassing Writ of Error *Coram Nobis* and State Federal Habeas Corpus," which the court treated as Appellant's third Petition pursuant to the Post Conviction Relief Act (PCRA),42 Pa.C.S. §§ 9541-9546.[1] We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] Any Petition for post-conviction collateral relief will generally be considered a PCRA Petition, regardless of how the applicant captions the Petition, if the petition raises issues cognizable under the PCRA. **See Commonwealth v. Peterkin**, 554 Pa. 547, 722 A.2d 638 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose).

A recitation of the facts is unnecessary for our disposition; however, the relevant procedural history, as gleaned from the record, is as follows. On December 7, 1977, the court sentenced Appellant to life in prison after his conviction of second-degree murder. This Court affirmed Appellant's Judgment of Sentence on December 3, 1979.

Appellant filed his first Petition for post-conviction relief on August 7, 1980. After a long period of inactivity, on April 7, 1989, the trial court permitted Appellant to file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court *nunc pro tunc*. On March 16, 1990, the Supreme Court denied Appellant's Petition without prejudice to Appellant's right to raise ineffective assistance of trial counsel claims in a subsequent PCRA Petition.

On June 22, 1990, Appellant filed a *pro se* PCRA Petition, and on August 2, 1996, counsel filed a "First Amended Post Conviction Relief Act Petition." Following a hearing, the PCRA court denied Appellant's Petition on April 30, 1998. This Court affirmed, and the Supreme Court denied Appellant's Petition for Allowance of Appeal.

On July 24, 2001, Appellant filed a *pro se* pleading entitled "Collateral Relief Encompassing Writ of Error *Coram Nobis* and *Habeas Corpus*," seeking entry of an order reversing and vacating the PCRA court's order denying his PCRA Petition. The PCRA court took no action. On March 28, 2014, Appellant filed a *pro se* pleading entitled "Actual and Constructive Notice." In

this pleading, Appellant appears to assert that he was an unwilling participant in his post-conviction proceedings, and that the Uniform Commercial Code provides a remedy where, as here, a party is "compelled to perform under an unconstitutional statute or any commercial agreement that [he] did not enter knowingly, voluntarily and intentionally." ***See*** "Actual and Constructive Notice," 3/25/14, at 1-2. He sought an order "recogniz[ing] the Common Law, re-sentenc[ing him] for 2nd degree murder and discharg[ing him] with fair damages." ***Id.*** at 2.

On June 9, 2014, Appellant filed a *pro se* "Petition to Have Rule Made Absolute," in which Appellant sought an order granting him the relief requested in his "Actual and Constructive Notice" pleading.

On January 21, 2016, the PCRA court, having discovered on the docket Appellant's outstanding "Collateral Relief Encompassing Writ of Error *Coram Nobis* and *Habeas Corpus*," treated it as a third PCRA Petition, and issued an Order and Notice of Intent to dismiss pursuant to Pa.R.Crim.P. 907.

In its Order and Notice, the PCRA Court also determined that it would not take any action on Appellant's "Actual and Constructive Notice" pleading because "the Rules of Criminal Procedure do not provide for the filing of such a pleading[,]" and because, in it, Appellant "did not seek any relief" cognizable under the PCRA. Pa.R.Crim.P. 907 Notice, 1/21/16, at 2. The court did not explicitly address Appellant's "Petition to Have Rule Made Absolute;" however, owing to the nature of that pleading, and the PCRA

court's disposition of Appellant's "Actual and Constructive Notice" pleading, we agree that no further action was required.

Appellant filed a response to the Pa.R.Crim P. 907 Notice on February 12, 2016. On February 23, 2016, the PCRA court dismissed Appellant's Petition as untimely. Appellant timely appealed. Both Appellant and the Court complied with Pa.R.A.P. 1925.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the PCRA's timeliness provisions allow for limited circumstances under which the late filing of a petition will be excused. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "The petitioner has the burden to plead in the petition and subsequently to prove that an exception applies." **Commonwealth v. Fowler**, 930 A.2d 586, 591 (Pa. Super. 2007) (citation omitted); **accord Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013).

In his Brief to this Court, Appellant does not argue that any of the enumerated time-bar exceptions applies. Accordingly, the PCRA court lacked jurisdiction to consider the merits of Appellant's Petition.

As noted **supra**, the Pennsylvania Supreme Court affirmed Appellant's Judgment of Sentence on March 16, 1990. Accordingly, Appellant's Judgment of Sentence became final on June 14, 1990. **See Commonwealth v. Harris**, 972 A.2d 1196, 1200 (Pa. Super. 2009); U.S. Sup. Ct. R. 13. Appellant filed the instant petition on July 24, 2001, more than eleven years after his Judgment of Sentence became final. Therefore, it is patently untimely.

Based on the foregoing, we conclude the PCRA court properly dismissed Appellant's third PCRA Petition as untimely filed. Accordingly, we affirm the PCRA court's February 23, 2016 Order.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/18/2016