J-S45003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
VINCENT DAVIS, A/K/A TERRELL :
STRONG :
:
Appellant : No. 1814 EDA 2016

Appeal from the PCRA Order May 18, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0636011-1990

BEFORE: GANTMAN, P.J., PANELLA, J., and STRASSBURGER, J.*

JUDGMENT ORDER BY GANTMAN, P.J.: **FILED JULY 13, 2017**

Appellant, Vincent Davis, a/k/a Terrell Strong, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed as untimely his *pro se* serial petition for collateral relief (labeled a petition for writ of *habeas corpus*), per the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On November 6, 1991, the trial court convicted Appellant of first-degree murder and possessing instruments of crime ("PIC"). The court sentenced Appellant on June 8, 1993, to life imprisonment for murder and a concurrent term of 2½-5 years' imprisonment for PIC. This Court affirmed Appellant's judgment of sentence on March 15, 1994, and our Supreme Court denied allowance of appeal on August 16, 1994. ***See Commonwealth v. Davis***, 644 A.2d 804 (Pa.Super.

_____

*Retired Senior Judge assigned to the Superior Court.

1994), *appeal denied*, 538 Pa. 641, 647 A.2d 896 (1994).

Appellant timely filed his first *pro se* PCRA petition on February 9, 1995. The court appointed counsel, who subsequently filed amended PCRA petitions. Following a hearing, the court denied PCRA relief on April 12, 1996. This Court affirmed the denial of PCRA relief on June 2, 1997. **See Commonwealth v. Davis**, 700 A.2d 1023 (Pa.Super. 1997). On October 1, 2013, Appellant filed the current *pro se* prayer for relief, styled as a petition for writ of *habeas corpus*.[1] The court treated Appellant's filing as a PCRA petition and issued notice per Pa.R.Crim.P. 907 on March 17, 2016. On May 18, 2016, the court denied PCRA relief. Appellant timely filed a *pro se* notice of appeal on May 24, 2016. The court did not order, and Appellant did not file, a concise statement per Pa.R.A.P. 1925(b).

Preliminarily, any petition for post-conviction collateral relief will generally be considered a PCRA petition, even if captioned as a request for *habeas corpus* relief, if the petition raises issues cognizable under the PCRA. **See Commonwealth v. Peterkin**, 554 Pa. 547, 722 A.2d 638 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose). The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Turner**, 73 A.3d 1283 (Pa.Super. 2013),

---

[1] Appellant filed numerous supplemental *pro se* petitions.

*appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(1-2). To be eligible for PCRA relief, a petitioner must also plead and prove the allegation of error has not been previously litigated. 42 Pa.C.S.A. § 9543(a)(3).

Instantly, Appellant challenges the validity of his murder conviction, arguing the court could not have convicted him of murder under a theory of accomplice liability where the Commonwealth did not charge him with "accomplice liability," and he was acquitted of conspiracy. Appellant insists the Commonwealth's "charging defect" violated Appellant's due process rights and deprived the trial court of subject matter jurisdiction. Appellant's claims are cognizable under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(2)(i), (viii); **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009) (explaining appellant's collateral attack on underlying murder conviction falls within ambit of PCRA). Thus, the court properly treated Appellant's most

recent prayer for relief as a PCRA petition. **See Peterkin, supra**. Nevertheless, Appellant's judgment of sentence became final on November 14, 1994, upon expiration of the time to file a petition for writ of *certiorari* with the United States Supreme Court. **See** U.S.Sup.Ct.R. 13. Appellant filed the current, *pro se* serial petition for collateral relief on October 1, 2013, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant did not assert any of the exceptions to the PCRA time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1). Further, Appellant already raised and unsuccessfully litigated these claims in his first PCRA petition. Consequently, he is ineligible for PCRA relief. **See** 42 Pa.C.S.A. § 9543(a)(3). Therefore, the PCRA court properly denied relief. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/2017