J-S70006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES STEPHEN PAVLICHKO | : | |
| | : | |
| Appellant | : | No. 762 MDA 2017 |

Appeal from the PCRA Order April 17, 2017
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s):  CP-54-CR-0000802-1996

BEFORE:  GANTMAN, P.J., SHOGAN, J., and OTT, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED NOVEMBER 21, 2017**

Appellant, James Stephen Pavlichko, appeals *pro se* from the order entered in the Schuylkill County Court of Common Pleas, which dismissed his *pro se* serial petition for collateral relief (labeled as a motion to modify and correct illegal sentence *nunc pro tunc*) per the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.   On July 16, 1997, Appellant entered an open guilty plea to, *inter alia*, homicide generally and conspiracy to commit homicide.  Following a degree of guilt hearing, the court found Appellant guilty of first-degree murder on July 22, 1997.  On August 28, 1997, the court sentenced Appellant to life imprisonment for first-degree murder and a consecutive term of 15-40 years' incarceration for conspiracy to commit to homicide.  This Court affirmed the judgment of sentence on June 29, 1998, and our Supreme Court denied allowance of appeal on

December 23, 1998. *See Commonwealth v. Pavlichko*, 724 A.2d 959 (Pa.Super. 1998) (unpublished memorandum), *appeal denied*, 557 Pa. 645, 734 A.2d 393 (1998). So, the judgment of sentence became final on March 23, 1999.

Appellant timely filed his first *pro se* PCRA petition on April 13, 1999. The PCRA court appointed counsel, and subsequently denied Appellant's petition on June 13, 2000. On March 27, 2001, this Court affirmed the denial of PCRA relief. *See Commonwealth v. Pavlichko*, No. 1347 MDA 2000 (Pa.Super. filed March 27, 2001) (unpublished memorandum). Appellant filed on March 3, 2005, his second *pro se* PCRA petition. On April 18, 2005, the PCRA court dismissed Appellant's petition. This Court affirmed on December 21, 2005. *See Commonwealth v. Pavlichko*, 894 A.2d 822 (Pa.Super. 2005) (unpublished memorandum). On August 8, 2006, Appellant filed his third *pro se* PCRA petition, which the PCRA dismissed on October 17, 2006. This Court affirmed on July 2, 2007. *See Commonwealth v. Pavlichko*, 932 A.2d 260 (Pa.Super. 2007) (unpublished memorandum).

On March 10, 2017, Appellant filed the current *pro se* "Motion to Modify and Correct Illegal Sentence *Nunc Pro Tunc*," which the PCRA court deemed Appellant's fourth PCRA petition. The PCRA court issued Rule 907 notice on March 27, 2017, and denied Appellant's PCRA petition on April 17, 2017. On April 18, 2017, Appellant filed a *pro se* "Amended Motion to

Correct Illegal Sentence," which the PCRA denied on April 20, 2017. On May 4, 2017, Appellant timely filed a *pro se* notice of appeal from the PCRA court's April 17, 2017 order. The record indicates Appellant filed a voluntary concise statement of errors complained of on appeal, per Pa.R.A.P. 1925(b), on June 5, 2017.

Preliminarily, any petition for post-conviction collateral relief will generally be considered a PCRA petition, even if captioned as a request for *habeas corpus* relief, if the petition raises issues cognizable under the PCRA. **See Commonwealth v. Peterkin**, 554 Pa. 547, 722 A.2d 638 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose). The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Turner**, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant purports to challenge the legality of his sentence. Appellant's claim is cognizable under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(2)(vii); **Commonwealth v. Fowler**, 930 A.2d 586 (Pa.Super. 2007), *appeal denied*, 596 Pa. 715, 944 A.2d 756 (2008) (holding collateral attack on legality of sentence must be raised in PCRA petition; challenges to legality of sentence must first satisfy PCRA time limits or one of statutory exceptions). Thus, the court properly treated Appellant's most recent prayer for relief as a PCRA petition. **See Peterkin, supra**. Nevertheless, Appellant's judgment of sentence became final on March 23, 1999, upon expiration of the time to file a petition for writ of *certiorari* with the U.S. Supreme Court. **See** U.S.Sup.Ct.R. 13. Appellant filed the current, *pro se* serial petition for collateral relief on March 10, 2017, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant did not assert any of the exceptions to the PCRA time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1). Therefore, Appellant's petition remains time-barred, and the PCRA court lacked jurisdiction to review it. **See Turner, supra**. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/21/2017</u>

- 4 -