J-S13008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID MORRIS BARREN | : | |
| | : | |
| Appellant | : | No. 482 WDA 2017 |

Appeal from the PCRA Order February 3, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0014343-2002

BEFORE:  GANTMAN, P.J., SHOGAN, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.:                **FILED MAY 03, 2018**

Appellant, David Morris Barren, appeals from the order entered in the Allegheny County Court of Common Pleas, which dismissed his third petition brought pursuant to the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546.  On October 31, 2006, Appellant entered a negotiated guilty plea to possession with intent to deliver; and the court sentenced Appellant to three years' probation.  Appellant did not file a direct appeal, so the judgment of sentence became final on November 30, 2006.  On October 21, 2009, Appellant filed his first PCRA petition.  Appellant's maximum sentence expired on October 31, 2009.  After issuing Rule 907 notice, the PCRA court dismissed Appellant's PCRA petition as untimely on July 12, 2010.  On April 12, 2011, Appellant filed a *pro se* petition for a writ of error *coram nobis*, which the court treated as a second PCRA petition.  The PCRA court issued

Rule 907 notice on June 2, 2011, and dismissed Appellant's PCRA petition on November 15, 2011, because Appellant was no longer serving a sentence. This Court affirmed the denial of PCRA relief on July 23, 2013; our Supreme Court denied a petition for allowance of appeal on January 7, 2014.

Appellant filed the current petition labeled as a petition for writ of *habeas corpus* on November 2, 2016, which challenged the legality of his conviction based on new exculpatory evidence and claimed ineffective assistance of counsel. The court treated this petition as Appellant's third PCRA petition and issued Rule 907 notice on November 23, 2016. After the PCRA court granted an extension of time, Appellant responded to the Rule 907 notice on January 9, 2017. On February 3, 2017, the PCRA court denied PCRA relief because Appellant's petition was untimely and he was no longer serving a sentence. Appellant timely filed a *pro se* notice of appeal on February 17, 2017. On March 22, 2017, Appellant filed an amended notice of appeal because his original notice stated he was appealing to the Commonwealth Court. On May 17, 2017, the PCRA court ordered a concise statement of errors per Pa.R.A.P. 1925(b); Appellant timely complied on June 1, 2017.

Preliminarily, any petition for post-conviction collateral relief will generally be considered a PCRA petition, even if captioned as a request for *habeas corpus* relief, if the petition raises issues cognizable under the PCRA. ***See Commonwealth v. Peterkin***, 554 Pa. 547, 722 A.2d 638 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral

- 2 -

relief and encompasses all other common law and statutory remedies for same purpose). The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Turner**, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(1-2). To be eligible for PCRA relief, the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime" at issue. 42 Pa.C.S.A. § 9543(a)(1)(i).

Instantly, Appellant styled his petition as a writ of *habeas corpus*, but challenged the legality of his conviction, based on new exculpatory evidence, and claimed ineffective assistance of counsel. Both claims are cognizable under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(2)(ii), (vi). Thus, the PCRA court properly treated Appellant's most recent filing as a PCRA petition. **See Peterkin, supra**. Nevertheless, Appellant's judgment of sentence became final on November 30, 2006, upon expiration of the time to file a direct appeal with this Court. **See** Pa.R.A.P. 903(a). Appellant filed the current, *pro se* serial petition for collateral relief on November 2, 2016, which is patently

- 3 -

untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant did not assert or prove any of the exceptions to the PCRA time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1). Therefore, Appellant's petition remains time-barred, and the PCRA court lacked jurisdiction to review it. **See Turner, supra**. In any event, Appellant is ineligible for PCRA relief, as he is no longer serving a sentence for his conviction. **See** 42 Pa.C.S.A. § 9543(a)(1)(i). Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/2018