J-S70038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KENNETH HOLMES | : | |
| | : | |
| Appellant | : | No. 2709 EDA 2017 |

Appeal from the PCRA Order August 7, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0124354-1992

BEFORE:  GANTMAN, P.J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED DECEMBER 04, 2018**

Appellant, Kenneth Holmes, appeals from the order entered in the Philadelphia County Court of Common Pleas, which dismissed as untimely his serial petition for collateral relief (labeled a petition for writ of *habeas corpus*), per the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On December 16, 1992, the court convicted Appellant of first-degree murder, robbery, conspiracy, and possessing instruments of crime.  The court sentenced Appellant on October 20, 1993, to life imprisonment for the murder conviction and lesser terms of imprisonment for the other crimes.  This Court affirmed on April 28, 1994, and our Supreme Court denied allowance of appeal on September 20, 1994.  ***See Commonwealth v. Holmes***, 645 A.2d 889 (Pa.Super. 1994), *appeal denied*, 538 Pa. 666, 649 A.2d 668 (1994).

From 1996 to 2012, Appellant unsuccessfully litigated numerous

collateral relief and *habeas corpus* petitions. On June 22, 2016, Appellant filed the current *pro se* petition for writ of *habeas corpus*, which the court treated as a serial PCRA petition. Appellant amended his petition several times. On July 14, 2017, the court issued notice per Pa.R.Crim.P. 907. Appellant filed a *pro se* response on July 20, 2017. On August 7, 2017, the court denied PCRA relief. Appellant timely filed a *pro se* notice of appeal on August 16, 2017. On August 28, 2017, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement; Appellant timely complied on September 14, 2017.

Preliminarily, any petition for post-conviction collateral relief will generally be considered a PCRA petition, even if captioned as a request for *habeas corpus* relief, if the petition raises issues for which the relief sought is available under the PCRA. **See Commonwealth v. Peterkin**, 554 Pa. 547, 722 A.2d 638 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose). As well, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is "final" at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The exceptions to the PCRA time-bar allow for limited circumstances, which excuse the late filing of a petition; a petitioner asserting an exception must file a petition within 60

days of the date the claim could have been presented. ***See*** 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant challenges the legality/constitutionality of his sentence, which are claims cognizable under the PCRA. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(i), (vii) (describing claims of constitutional violations and illegality of sentence as cognizable under PCRA). Thus, the court properly treated Appellant's most recent petition for collateral relief under the PCRA.[1] ***See*** ***Peterkin, supra***. Here, our Supreme Court denied allowance of a direct appeal on September 20, 1994. The judgment of sentence became final on December 19, 1994, upon expiration of the 90 days to file a petition for writ of *certiorari* in the U.S. Supreme Court. ***See*** U.S.Sup.Ct.R. 13. Appellant filed the current petition on June 22, 2016, which is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant tries to invoke the "new constitutional right" time-bar exception at Section 9545(b)(1)(iii), relying on ***Johnson v. United States***, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) (holding as unconstitutionally vague residual clause of federal Armed Career Criminal Act of 1984, which permits increased sentences for those who have

---

[1] To the extent Appellant complains the Department of Corrections ("DOC") lacks authority to detain him without a written sentencing order, raised as an appropriate *habeas corpus* claim, we observe the DOC retains detention authority even in the absence of a written sentencing order. ***See Joseph v. Glunt***, 96 A.3d 365 (Pa.Super. 2014), *appeal denied*, 627 Pa. 774, 101 A.3d 787 (2014) (holding DOC has continuing authority to detain petitioner, even without written sentencing order).

J-S70038-18

committed three or more "violent felonies") and **Welch v. United States**, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016) (holding **Johnson** stated new substantive rule that applies to cases on collateral review). Nevertheless, **Johnson** and **Welch** do not satisfy a PCRA exception if the petitioner was sentenced under **state** law. *See Commonwealth v. Spotz*, _____ Pa. ___, 171 A.3d 675 (2017) (holding neither **Johnson** nor **Welch** affords appellant relief because he was sentenced under state law; at this time, **Johnson** and **Welch** apply only to prisoners sentenced under relevant federal statute). Therefore, the court properly denied collateral relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/4/18

- 4 -