J-S07029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEPHEN PALMER | : | |
| | : | |
| Appellant | : | No. 756 EDA 2019 |

Appeal from the PCRA Order Entered February 25, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1204301-2000

BEFORE: NICHOLS, J., KING, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY KING, J.: **FILED MARCH 04, 2020**

Appellant, Stephen Palmer, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which denied his serial petition for collateral relief. On November 2, 2001, the court convicted Appellant of first-degree murder, recklessly endangering another person, and possessing instruments of crime. The court sentenced Appellant to life imprisonment for the murder conviction and imposed lesser terms of imprisonment for the other offenses. This Court affirmed the judgment of sentence on January 10, 2003. ***See Commonwealth v. Palmer***, 3490 EDA 2001 (Pa.Super. 2003) (unpublished memorandum). Appellant did not seek further direct review.

Between 2004 and 2017, Appellant unsuccessfully litigated multiple

_____

[*] Retired Senior Judge assigned to the Superior Court.

petitions for collateral relief. On March 28, 2018, Appellant filed the current, serial *pro se* petition for collateral relief, seeking *habeas corpus* relief. Appellant amended his petition on August 17, 2018 and November 16, 2018. The court treated Appellant's filings under the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546, and issued Pa.R.Crim.P. 907 notice on January 28, 2019. Appellant responded *pro se*, and the court denied relief on February 25, 2019. Appellant timely appealed *pro se* on March 8, 2019.

Preliminarily, any petition for post-conviction collateral relief will generally be considered a PCRA petition, even if captioned as a request for *habeas corpus* relief, if the petition raises issues for which the relief sought is available under the PCRA. **See Commonwealth v. Peterkin**, 554 Pa. 547, 722 A.2d 638 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose). Additionally, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is "final" at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The PCRA timeliness exceptions allow very limited circumstances to excuse the late filing of a petition. **See** 42 Pa.C.S.A. § 9545(b)(1) and (b)(2).

Instantly, Appellant raised three claims in his current petition and

amendments: (1) his murder conviction is unconstitutional because only a capital murder defendant can be convicted of first-degree murder; (2) the first-degree murder sentencing statute is void for vagueness because it does not give fair notice that life imprisonment means "without the possibility of parole"; and (3) layered ineffectiveness of counsel for failure to obtain mental health testing to assert diminished capacity or mistaken self-defense, and failure to preserve this claim in a prior PCRA petition.

Appellant's first and third claims are cognizable under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(2)(i), (ii) (describing claims of constitutional violations and ineffectiveness of counsel as cognizable under PCRA); **Peterkin, supra**. Here, Appellant's sentence became final on February 9, 2003, upon expiration of the time to file a petition for allowance of appeal in our Supreme Court. **See** Pa.R.A.P. 1113(a). Appellant filed the current, serial PCRA petition on March 28, 2018, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant did not assert a time-bar exception regarding his claim that his first-degree murder conviction is unconstitutional. **See id.** As well, Appellant unsuccessfully litigated his ineffectiveness claim in an earlier PCRA petition.[1] **See Commonwealth v. Palmer**, 3289 EDA 2005 (Pa.Super. 2007) (unpublished memorandum). **See also** 42 Pa.C.S.A. § 9543(a)(3) (stating to be eligible for relief under PCRA, claim must not be previously litigated or

---

[1] Although this Court initially concluded the ineffectiveness claim was waived, this Court went on to say the claim lacked arguable merit in any event.

waived).  Further, although Appellant's "void for vagueness" claim falls outside the PCRA, he waived it by failing to raise it at sentencing or in a post-sentence motion.  ***See Commonwealth v. Smith***, 194 A.3d 126 (Pa.Super. 2018), *appeal denied*, ___ Pa. ___, 208 A.3d 64 (2019) (holding claim that 18 Pa.C.S.A. § 1102 is void for vagueness falls outside of PCRA and seeks *habeas corpus* remedy; but, appellant waived challenge where he did not raise it at sentencing or in post-sentence motion).  Thus, Appellant is not entitled to collateral relief on any of his claims.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/4/20