J-S40043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| NIGEL DEDIEECE CARTER | : | |
| | : | |
| Appellant | : | No. 2164 EDA 2021 |

Appeal from the Order Entered September 3, 2021
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000411-2011

BEFORE: PANELLA, P.J., STABILE, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED MARCH 7, 2023**

Appellant, Nigel Dedieece Carter, appeals *pro se* from the order entered in the Chester County Court of Common Pleas, denying as untimely his serial petition for relief under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The relevant facts and procedural history of this case are as follows. On January 30, 2012, Appellant entered a negotiated guilty plea to two counts of possession of a controlled substance with the intent to deliver. The court sentenced Appellant that day to an aggregate term of 6½ to 14 years' imprisonment. Appellant did not file a direct appeal.

On March 29, 2016, Appellant filed a *pro se* PCRA petition. The court appointed counsel, who filed an amended PCRA petition on May 31, 2016. On July 13, 2016, the court issued notice per Pa.R.Crim.P. 907 of its intent to

dismiss the petition without a hearing. The court formally denied PCRA relief on September 9, 2016.

On June 17, 2021 and July 12, 2021, Appellant filed *pro se* petitions for writ of *habeas corpus*, which the court treated together as a serial PCRA petition. The court issued Rule 907 notice on July 21, 2021. Appellant filed a *pro se* response on July 29, 2021. On September 3, 2021, the court denied PCRA relief. Appellant timely filed a notice of appeal on September 20, 2021, per the prisoner mailbox rule.

Appellant raises the following issues on appeal:

> Were the mandatories used to pressure Appellant into accepting an unknowing guilty plea sentence that exceeds the lawful maximum?
>
> Was 18-24 months plus or minus nine months for each count of [PWID] the applicable sentencing guidelines if the mandatories were not invoked?
>
> Was [plea counsel's] assistance … effective or ineffective when she allowed Appellant to sign the guilty plea colloquy and failed to act [to] withdraw [the plea] or file an appeal?
>
> Was [PCRA counsel's] assistance … effective or ineffective when she abandoned the 1st PCRA and failed to appeal from its dismissal?

(Appellant's Brief at 9).

Preliminarily, any petition for post-conviction collateral relief will generally be considered a PCRA petition, even if styled as a request for *habeas corpus* relief, if the petition raises issues for which the relief sought is available under the PCRA. **See Commonwealth v. Peterkin**, 554 Pa. 547, 722 A.2d

638 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose).

As well, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Zeigler*, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow very limited circumstances to excuse the late filing of a petition; a petitioner must also assert the exception within the time allowed under the statute. 42 Pa.C.S.A. § 9545(b)(1) and (b)(2).

Instantly, Appellant's petitions for writ of *habeas corpus* attacked the legality of his sentence, the validity of his guilty plea, and asserted the ineffective assistance of counsel. As these claims are cognizable under the PCRA, the court properly treated the petitions under the confines of the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(ii), (iii), (vii); *Peterkin, supra*. Appellant's judgment of sentence became final on February 29, 2012, which was 30 days after the court sentenced Appellant and the date by which Appellant had to file his direct appeal. *See* Pa.R.A.P. 903(a) (allowing 30 days to file notice of

appeal); 42 Pa.C.S.A. § 9545(b)(3). Appellant did not file his *pro se* petitions for writ of *habeas corpus* until June 17, 2021 and July 12, 2021, well beyond the one-year time limit.

Significantly, Appellant fails to develop an argument concerning any exception to the PCRA time-bar on appeal.[1] Under these circumstances,

---

[1] The only reference to the PCRA time-bar in Appellant's brief is in the scope and standard of review section, where Appellant states: "Counsel's abandonment for timeliness exception," followed by a few case citations with no explanation of the propositions of law contained therein. (**See** Appellant's Brief at 7). We will not develop Appellant's argument for him on appeal. **See Commonwealth v. Blakeney**, 631 Pa. 1, 46, 108 A.3d 739, 766 (2014), *cert. denied*, 576 U.S. 1009, 135 S.Ct. 2817, 192 L.Ed.2d 857 (2015) (explaining that while Pennsylvania appellate courts historically have liberally construed materials filed by *pro se* litigants, *pro se* status does not entitle litigant to any special benefit, and court cannot be expected to become litigant's counsel or find more in written *pro se* submission than is fairly conveyed therein).

We observe that in his response to Rule 907 notice, Appellant baldly alleged that he satisfied all three of the PCRA time-bar exceptions. (**See** Response to Rule 907 notice, filed 7/29/21, at 2). In that filing, Appellant suggested that his prior PCRA counsel's failure to file an appeal from the denial of PCRA relief concerning his first PCRA petition satisfied the "governmental interference" exception to the time-bar. (**See id.** at 3). **See also** 42 Pa.C.S.A. § 9545(b)(1)(i) (regarding governmental interference time-bar exception). To the extent we can consider Appellant's assertion of a time-bar exception raised in his response to Rule 907 notice (even where undeveloped on appeal), Appellant still cannot overcome the jurisdictional hurdle. Notably, the PCRA court denied relief on Appellant's first PCRA petition on September 9, 2016. Appellant did not file the current petitions until 2021. Appellant does not indicate when he became aware of prior counsel's failure to appeal the denial of PCRA relief. Therefore, Appellant has not complied with Section 9545(b)(2) (stating that any petition invoking timeliness exception shall be filed within one year of date claim could have been presented, for claims arising on December 24, 2017 or thereafter). **See** 42 Pa.C.S.A. § 9545(b)(2). Moreover, for purposes of the PCRA's time-bar exceptions, "governmental officials" do not include defense counsel. **See** 42 Pa.C.S.A. § 9545(b)(4).

Appellant's current prayer for relief remains time-barred and the PCRA court properly denied relief.[2]  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/7/2023

---

[2] Appellant has filed two applications for relief in this Court, claiming that he is currently imprisoned for a parole violation at the underlying docket, based on new charges at docket No. CP-15-CR-1929-2021.  According to Appellant, he posted bail regarding the new charges and is being detained solely based on the parole violation while the new charges are still pending.  Appellant claims he sought relief in the trial court, the trial court denied relief, and he has an appeal pending at docket No. 1913 EDA 2022.  Although Appellant asks us to remove the parole detainer or set reasonable bail, the avenue for seeking relief is not at the current appellate docket related to the denial of his untimely PCRA petition.  Appellant may pursue further relief in this Court at docket No. 1913 EDA 2022.