J-A10026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ELIJAH WEIR | : | |
| | : | |
| Appellant | : | No. 527 EDA 2022 |

Appeal from the PCRA Order Entered October 18, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006511-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ELIJAH WEIR | : | |
| | : | |
| Appellant | : | No. 528 EDA 2022 |

Appeal from the PCRA Order Entered October 18, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006689-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ELIJAH WEIR | : | |
| | : | |
| Appellant | : | No. 529 EDA 2022 |

Appeal from the PCRA Order Entered October 18, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007055-2016

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
ELIJAH WEIR :
:
Appellant : No. 530 EDA 2022

Appeal from the PCRA Order Entered October 18, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007056-2016


COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
ELIJAH WEIR :
:
Appellant : No. 531 EDA 2022

Appeal from the PCRA Order Entered October 18, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007057-2016


COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
ELIJAH WEIR :
:
Appellant : No. 532 EDA 2022

Appeal from the PCRA Order Entered October 18, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010906-2016

BEFORE: PANELLA, P.J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.: **FILED APRIL 25, 2023**

Appellant, Elijah Weir, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, denying his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The relevant facts and procedural history of this case are as follows. On January 17, 2017, Appellant entered a negotiated guilty plea at multiple docket numbers to robbery, burglary, simple assault, theft, possessing instruments of crime, and other offenses. The court sentenced Appellant on April 18, 2017, to an aggregate 8 to 20 years' imprisonment, plus 10 years' probation, across all dockets. Appellant did not file a direct appeal.

On November 8, 2018, Appellant filed a *pro se* PCRA petition. The court appointed counsel, who filed a "no-merit" letter on May 6, 2019. On May 10, 2019, the court issued notice of its intent to dismiss the petition per Pa.R.Crim.P. 907; Appellant did not respond. The court denied PCRA relief on June 13, 2019. On June 15, 2020, Appellant filed a *pro se* request for reinstatement of his appeal rights *nunc pro tunc*. The court reinstated Appellant's appeal rights on August 11, 2021. Nevertheless, the record does not indicate that Appellant subsequently filed a notice of appeal *nunc pro tunc*.

---

[*] Retired Senior Judge assigned to the Superior Court.

On September 27, 2021, Appellant filed the current, untitled prayer for relief *pro se*, which the court treated as a serial PCRA petition. In his filing, Appellant claimed he was not guilty and alleged that his guilty pleas were unlawfully induced by counsel. Appellant did not acknowledge the untimeliness of his PCRA petition or plead any exception to the PCRA's time-bar. On September 30, 2021, the court issued Rule 907 notice. Appellant did not respond. The court denied PCRA relief on October 18, 2021. This appeal followed.[1] On June 22, 2022, the court ordered Appellant to file a concise statement per Pa.R.A.P. 1925(b). Appellant complied on July 25, 2022.

Preliminarily, any petition for post-conviction collateral relief will generally be considered a PCRA petition, even if styled as a request for *habeas corpus* relief, if the petition raises issues for which the relief sought is available under the PCRA. **See Commonwealth v. Peterkin**, 554 Pa. 547, 722 A.2d 638 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of

_____

[1] Appellant filed separate *pro se* notices of appeal on February 7, 2022, at each underlying docket. Although the notices of appeal are facially untimely, the certified docket entries do not contain any notation regarding proper service of the October 18, 2021 order denying relief. **See** Pa.R.Crim.P. 114(C)(2)(c) (providing that criminal docket entries shall contain date of service of order or court notice. Consequently, we will not quash this appeal as untimely. **See Commonwealth v. Midgley**, 2023 PA Super 18, ___ A.3d ___ (Pa.Super. Feb. 7, 2023) (holding that where there is no indication on trial court docket that notice has been given, appeal period has not started to run; in this situation, we will treat appeal as timely).

We further note that on April 22, 2022, this Court granted Appellant's request to consolidate the appeals.

- 4 -

obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose).

As well, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow very limited circumstances to excuse the late filing of a petition; a petitioner must also assert the exception within the time allowed under the statute. 42 Pa.C.S.A. § 9545(b)(1) and (b)(2).

Instantly, Appellant's current filing claimed actual innocence and alleged that counsel unlawfully induced his guilty plea. As these claims are cognizable under the PCRA, the court properly treated the petition under the confines of the PCRA. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(ii-iii); ***Peterkin, supra***. Appellant's judgment of sentence became final on May 18, 2017, which was 30 days after the court sentenced Appellant and the date by which Appellant had to file his direct appeal. ***See*** Pa.R.A.P. 903(a) (allowing 30 days to file notice of appeal); 42 Pa.C.S.A. § 9545(b)(3). Appellant did not file the current prayer for relief until September 27, 2021, which is patently untimely.

Significantly, Appellant did not assert any exception to the PCRA time-bar in his current petition. Likewise, he does not make any argument concerning an exception to the PCRA time-bar in his principal brief on appeal. In an amended brief (filed without leave of court), Appellant cites the "governmental interference" and "newly-discovered fact" exceptions to the time-bar (*see* 42 Pa.C.S.A. § 9545(b)(1)(i-ii)), but he does not develop a cogent argument regarding how either exception renders his PCRA petition timely. We will not develop Appellant's argument for him on appeal. *See Commonwealth v. Blakeney*, 631 Pa. 1, 46, 108 A.3d 739, 766 (2014), *cert. denied*, 576 U.S. 1009, 135 S.Ct. 2817, 192 L.Ed.2d 857 (2015) (explaining that while Pennsylvania appellate courts historically have liberally construed materials filed by *pro se* litigants, *pro se* status does not entitle litigant to any special benefit, and court cannot be expected to become litigant's counsel or find more in written *pro se* submission than is fairly conveyed therein). Under these circumstances, Appellant's current petition remains time-barred and the PCRA court properly denied relief. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/25/2023</u>