J-S23029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON LEE BROWN | : | |
| | : | |
| Appellant | : | No. 2648 EDA 2023 |

Appeal from the Order Entered October 3, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000151-2003

BEFORE:   STABILE, J., KING, J., and COLINS, J.[*]

JUDGMENT ORDER BY KING, J.:               **FILED JULY 26, 2024**

Appellant, Jason Lee Brown, appeals *pro se* from the order entered in the Delaware County Court of Common Pleas, that denied his *pro se* application for *coram nobis* relief.  We affirm.

The relevant facts and procedural history of this case are as follows.  On December 1, 2003, Appellant pled guilty to robbery.  The court sentenced him that day to two to five years' imprisonment, with Appellant scheduled to begin serving his sentence on December 29, 2003.  Appellant did not file a direct appeal from his judgment of sentence.

Between 2017 and 2023, Appellant unsuccessfully litigated numerous prayers for relief seeking to challenge his 2003 conviction and sentence.  On July 5, 2023, Appellant filed the current *pro se* application for *coram nobis*

_____

[*] Retired Senior Judge assigned to the Superior Court.

relief. Appellant filed a supporting memorandum of law on September 5, 2023, challenging the validity of his guilty plea on several grounds. By order entered October 3, 2023, the court denied Appellant's application for relief as duplicative of a similar application for relief Appellant had filed on November 23, 2022.[1] On October 11, 2023, Appellant timely filed a notice of appeal. Appellant filed a voluntary concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b) on November 2, 2023.

Preliminarily, any petition for post-conviction collateral relief will generally be considered a Post Conviction Relief Act ("PCRA")[2] petition, regardless of how it is styled, if the petition raises issues for which the relief sought is available under the PCRA. *See Commonwealth v. Peterkin*, 554 Pa. 547, 722 A.2d 638 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose, including *habeas corpus* and *coram nobis*).

As well, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Turner*, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. §

---

[1] The court denied relief on the November 23, 2022 application on December 1, 2022. Although Appellant initially appealed that decision, he discontinued the appeal on June 27, 2023.

[2] 42 Pa.C.S.A. §§ 9541-9546.

9545(b)(1). A judgment is "final" at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow very limited circumstances to excuse the late filing of a petition. *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Further, to be eligible for relief under the PCRA, a petitioner must currently be serving a sentence of imprisonment, probation or parole for the crime at issue. 42 Pa.C.S.A. § 9543(a)(1)(i).

Instantly, although Appellant styled his current prayer for relief as an application for *coram nobis* relief, his claims challenge the validity of his guilty plea and seek relief that is available under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2). Consequently, Appellant's current filing is a serial PCRA petition. *See* 42 Pa.C.S.A. § 9542; *Peterkin, supra*. Here, Appellant's judgment of sentence became final on December 31, 2003, after the time for filing a direct appeal expired. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a) (providing 30 days to file notice of appeal from entry of order or judgment). Thus, Appellant had until December 31, 2004, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant filed his current petition on July 5, 2023, which is patently untimely. *See id.* Notably, Appellant did not acknowledge the untimeliness of his petition or assert any exceptions to the PCRA time-bar in his application for relief or on appeal. *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). As such, Appellant's current filing is time-barred and the court lacked jurisdiction to consider it. *See Turner, supra*.

Moreover, the court sentenced Appellant on December 1, 2003, to two

to five years' imprisonment to begin on December 29, 2003. Consequently, Appellant has completed serving his sentence for robbery many years ago and is not eligible for relief under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(1)(i). For these reasons, Appellant is not entitled to relief, and we affirm.[3]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/26/2024

_____

[3] We may affirm on any valid grounds, even if different than the court below. **See Commonwealth v. Janda**, 14 A.3d 147, 161 n.8 (Pa.Super. 2011).